BY ECF                                                               November 23, 2017

**Honorable Ronnie Abrams, U.S.D.J.**
**United States District Court for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square, Courtroom 1506**
**New York, NY 10007**

Re:   *Pereira v. Kendall Jenner, Inc.,*
      *Docket No. 1:17-cv-6945(RA)*

Dear Judge Abrams,

Pursuant to Your Honor's September 14, 2017 Order (Dkt. 7), Plaintiff Al Pereira ("Pereira") and Defendant Kendall Jenner, Inc., ("KJ") jointly submit this letter in anticipation of the Initial Pretrial Conference scheduled for 2:15 PM on December 1, 2017.

1. **Brief Description of the Case**

**Plaintiff's Perspective**

Pereira is a well-regarded professional photographer whose livelihood depends on the ability to license his photographs for a fee. Pereira had the privilege to capture an iconic moment in rap and hip hip culture. He photographed legendary and rival rappers Tupac Shakur with Notorious B.I.G. and Redman. The photograph is unique and an exclusive depiction of two rival factions in the musical genre. Pereira retained all rights and interest in the photograph. The photograph was registered with the U.S. Copyright Office.

KJ ran has been selling a T-shirt prominently featuring the rare photograph in question. Pereira did not license, give permission nor consent to the use of the photograph on any merchandise by KJ.

As a direct result of KJ infringement Pereira lost the opportunity to license this iconic photograph and the market for this photograph was gravely and adversely effected by the KJ's activities. Pereira asserts that KJ's infringement was willful, intentional, purposeful, and in disregard or indifference to Pereira's rights in the photograph.

Accordingly, Pereira seeks actual damages against KJ for the copyright infringement. To set the amount of the actual damages award, courts generally look to the following factors under the Copyright Act: (1) profits, gains and/or advantages gained as a result of the infringement and (2) the revenues lost by the plaintiff.

**Defendant's Perspective**

KJ, as well as the individuals and entities that may be affiliated with KJ, deny that they have violated any of Pereira's rights.

KJ (through its counsel) explained to Pereira's counsel over two months ago that KJ is not a proper party to this lawsuit as KJ played no role in the alleged misconduct at issue, and that the correct party is another entity (that KJ's counsel also represents), which does business as Kendall + Kylie. Nevertheless, Pereira has not amended his complaint to add Kendall + Kylie and remove KJ.

Aside from the issue of proper parties, Pereira's claims lack merit and the amount in controversy is less than $100. Had Pereira contacted KJ or its counsel prior to initiating this lawsuit, perhaps this matter would have already been amicably resolved.



Kendall + Kylie lawfully purchased the single shirt that is the subject of this lawsuit, pictured above, from a vintage clothing store in California. That shirt already had the photograph at issue on it at the time of purchase. Kendall + Kylie merely overlaid another purple image on top of it, and offered it for resale on its website. Kendall + Kylie only offered the garment for sale for less than 24 hours, and only resold the one shirt. Kendall + Kylie stopped offering the garment for sale long before learning of Pereira's claims. Kendall + Kylie does not have, nor has it ever had, any other garments bearing the photograph at issue in inventory.

Neither KJ nor Kendall + Kylie, nor any of the individuals and other entities they may be affiliated with, manufactured or caused to be manufactured garments bearing reproductions of the photograph at issue. In other words, they did not reproduce any copyrightable subject matter. Kendall + Kylie simply purchased a single shirt (which already had the image on it) that it later resold, which is protected from copyright infringement claims under the First Sale Doctrine.

Furthermore, because Pereira did not register his copyright to the photograph until July 27, 2017, which was well after the alleged infringement began (between June 28 and 29, 2017),

and more than three years after the photograph was first published, it is beyond dispute that Pereira is not entitled to statutory damages (including any enhanced damages for willful infringement) under the Copyright Act. *See* 17 U.S.C. § 412. As such, to the extent Pereira could prevail on his infringement claim (which we do not concede), the most he would be entitled to recover is his actual damages plus (the proper) defendant's profits. Likewise, even if Pereira could prevail in proving his claims (which again, we do not concede), he would not be entitled to recover any of his attorney fees, pursuant to the same section of the Copyright Act.

Kendall + Kylie's gross profits were $89.69. Pereira has not demonstrated any actual damages. Nevertheless, Courts typically determine actual damages in these types of cases based on what a reasonable royalty fee to license the use of the photograph on t-shirts would have been. Based on our extensive experience in both litigating copyright cases and working with many clients in the apparel industry, most licenses of images for use on t-shirts are within a range of 5% to 8% of either the total sales volume or gross profits. In this case, Kendall + Kylie's sales revenues for the one shirt which it sold were $125. Even if we conservatively use the highest figure (8%), the royalty would have been $10.

Accordingly, the most Pereira could reasonably expect to obtain through this case, if he prevails (which, again, we do not concede) is less than $100 (i.e., Kendall + Kylie's gross profits of $89.69 plus Pereira's actual damages of $10). Because Pereira cannot also recover attorneys' fees, it seems to make very little sense to continue prosecuting this claim.

While KJ denies any liability as discussed above, for practical business reasons it has offered to settle this case for more than Pereira could ever be entitled to recover under the Copyright Act. Notwithstanding, Pereira has made a much higher demand, and seems insistent to drag this case on to inconvenience KJ and related persons. The parties are at a standstill.

2. **Jurisdiction and Venue**

   **Plaintiff's Position**

   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has personal jurisdiction over the Defendant because the Defendant is transacting business in New York. Venue is also proper in this District pursuant to 28 U.S.C. §1391(b).

   **Defendant's Position**

   KJ is a California corporation having a principal place of business at 21731 Ventura Boulevard, Suite 300, Woodland Hills, California 91364. It is questionable as to whether this Court has personal jurisdiction over KJ and whether venue is proper in this district.

3. **Contemplated Motions**

   **Plaintiff**

   Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant on the copyright infringement claim.

   **Defendant**

   Defendant also anticipates it will file a motion for summary judgment based on, among other things, not being a proper party to this lawsuit.

4. **Discovery**

   **Plaintiff's Perspective**

   The parties engaged in some preliminary exchange of information relating to settlement. Since the Plaintiff is entitled to actual damages on the copyright infringement claim, he would need to see discovery that establishes the expenses saved, profits reaped, and sales figures for the T-shirt before a meaningful settlement discussion could take place.

   **Defendant's Perspective**

   No formal discovery has taken place yet. Defendant does not anticipate any unusual issues with discovery. Defendant has already provided its sales and profit information to Plaintiff, as discussed above. Defendant has also already requested Plaintiff to provide all evidence it may rely upon to demonstrate actual damages in this case, and Plaintiff has not yet provided any such information.

5. **Prospect for Settlement**

   **Plaintiff's Perspective**

   The parties engaged in a preliminary settlement discussion. However, the parties remain too far apart at this time, and discovery should commence without further delay.

   **Defendant's Perspective**

   Plaintiff has made one settlement demand, which was entirely unreasonable and well beyond any possible recovery it may be entitled to in the unlikely event that Plaintiff prevails on its claims. Plaintiff's counsel has also indicated that they want to litigate this case to put KJ, and persons affiliated with that company, through the burden of testifying during discovery and at trial.

6. **Length of Trial**

The parties estimate that a trial will take 1-2 days.

Respectfully Submitted,

/s/Richard P. Liebowitz
Richard P. Liebowitz
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
kt@liebowitzlawfirm.com
*Attorneys for Plaintiff Al Pereira*

/s/Jerold Bregman
/s/ Jeffrey A. Kobulnick (pro hac vice application soon to be filed)
Jerold Bregman, Jeffrey A. Kobulnick
Brutzkus Gubner
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
(818) 827-9000
jbregman@bg.law, jkobulnick@bg.law
*Attorneys for Defendant Kendall Jenner, Inc.*