**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP

YOUR COUNSEL MATTERS®
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
(818) 827-9000 Main
(818) 827-9099 Fax
www.bg.law

Jeffrey A. Kobulnick
(818) 827-9192 Direct
(818) 827-9025 Direct Fax
jkobulnick@bg.law

*[Stamp:]* USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 11/29/17

**MEMO ENDORSED**

November 28, 2017

VIA ECF

Honorable Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

> Application granted. The conference will be conducted telephonically. Mr. Kobulnick, Defendant's local counsel, and Plaintiff's counsel are directed to initiate a teleconference with chambers at (212) 805-0284 at the scheduled time.
>
> SO ORDERED.
>
> Hon. Ronnie Abrams
> 11/29/2017

Re:  *Al Pereira v. Kendall Jenner, Inc.*
     Docket N 1:17-cv-06945(RA)
     **Request for Telephonic Appearance at Initial Pretrial Conference on 12/1/17**

Dear Judge Abrams:

We represent the Defendant, Kendall Jenner Inc., in this action. As you know, pursuant to Your Honor's September 14, 2017 Order (Dkt. 7), an Initial Status Conference is scheduled for 2:15 p.m. on December 1, 2017. Pursuant to Your Honor's request, we are submitting this letter to request permission to attend the Initial Status Conference by telephone. Like Kendall Jenner Inc., we are located in Los Angeles. To the extent that the Court will require an in-person appearance at the hearing, we have recently retained local counsel in New York (Furgang & Adwar, L.L.P.) and should the Court require, they will be available to attend in person. (In the event that the Court requires attendance of local counsel, I would still like to also participate by phone, if possible.) I am in the process of obtaining a certificate of good standing from the California State Bar, at which time I will be filing an application for *pro hac vice* admission to this Honorable Court for this case.

As a preliminary matter, although this Court's Order of September 14, 2017 required Plaintiff to serve a copy of same on our office to inform Defendant of the Initial Status Conference, Plaintiff did not do so. Further, although I had a phone call with Plaintiff's counsel Richard Liebowitz on September 14, 2017 (coincidentally, the same date the Order issued) to discuss the claim at issue and possible settlement, he did not mention the Order. I also sent Mr. Liebowitz an email on September 18, 2017 regarding the claim and possible settlement, but received no response and again, no mention of the Order or Initial Status Conference. We only learned about the Order and Initial Status Conference (and requirement to file a case management plan and Joint Letter) through our own due diligence by checking the Court's docket on November 13, 2017 (less than three weeks before the hearing, and after the deadline to have an early meeting of counsel as required under Fed. R. Civ. P. 26(f)), and immediately contacted Plaintiff's counsel Richard Liebowitz regarding same. Had we known at the time the September 14, 2017 Order was issued that the Court had set a hearing for December 1, 2017, arrangements could have been more easily made to plan to attend the hearing in person, and

1878880/4293.013

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Honorable Ronnie Abrams
United States District Court for the Southern District of New York
November 28, 2017
Page 2

airfare travel costs to New York would likely have been less expensive with more advance notice.[1]

Further, and perhaps more importantly, and as set forth in Defendant's portion of the Joint Letter previously filed with the Court, under the Copyright Act the maximum amount which Plaintiff could possibly recover should it prove infringement (which we do not concede) is less than $100. The cost that would need to be incurred by Defendant for counsel to appear in person (whether it be an attorney from our firm to travel to New York, or for local counsel already in New York to appear) at the Initial Status Conference far exceeds that possible recovery. Under the circumstances, Defendant respectfully requests that we be allowed to participate telephonically.

Thank you for your consideration of the foregoing.

Respectfully submitted,

JEFFREY A. KOBULNICK

JAK:mab

---

[1] Upon learning of the Order and Initial Status Conference, we also informed Plaintiff's counsel that we should have had an early meeting of counsel as required under Fed. R. Civ. P. 26(f). We followed up with Mr. Liebowitz to again request an early meeting of counsel under Rule 26(f), however he has never responded to either of our requests. To the extent the Court would like to review copies of our correspondence with Plaintiff's counsel, we would be glad to provide those.

1880683