1    UNITED STATES DISTRICT COURT
2    SOUTHERN DISTRICT OF NEW YORK

3

4    AL PEREIRA,                              Docket No. 1:17-cv-06945 RA

5              Plaintiff,                     **DEFENDANTS' NOTICE OF MOTION
                                              AND MOTION FOR ATTORNEYS' FEES
6    - against -                              AND COSTS**

7    KENDALL JENNER, INC.,                    *[Filed Concurrently with Declaration of Jeffrey
                                              A. Kobulnick]*
8              Defendant.
                                              Assigned to Hon. Ronnie Abrams
9

10   **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

11        **PLEASE  TAKE  NOTICE**  that Defendants, KENDALL  JENNER,  INC. ("KJI") and

12   3072541 CANADA INC., a California corporation doing business as Kendall + Kylie ("Kendall +

13   Kylie") (collectively, "Defendants") will and hereby do move this Court, at a date and time to be

14   determined by the Court, in Courtroom 1506 of the above-entitled Court, located at 40 Foley Square,

15   New York, New York 10007, for an Order pursuant to Federal Rule of Civil Procedure 11, Title 17

16   of the United States Code Section 505, and Title 28 of the United States Code Section 1927:

17   Awarding  Defendants  recovery  of  their  attorneys'  fees  and  costs  in  an  exact  amount  to  be

18   determined later, and not less than $22,000, from Plaintiff, Al Pereira ("Plaintiff" or "Pereira") and

19   its counsel, Richard Liebowitz of Liebowitz Law Firm, PLLC ("Liebowitz").

20        This motion is based on this Notice of Motion and accompanying Memorandum of Points

21   and Authorities, the concurrently filed Declaration of Jeffrey A. Kobulnick and exhibits thereto, the

22   papers and pleadings on file herein, and upon such other evidence and argument as may be presented

23   prior to or at the hearing of this motion.

24   ///

25   ///

26   ///

27   ///

28

This motion is made following service of this motion and the accompanying declaration of Jeffrey A. Kobulnick, to Plaintiff and Liebowitz, which took place on March 8, 2018, and their failure to correct the Rule 11 violations described herein within 21 days of service. (Kobulnick Decl. ¶ 32.)

Dated:  March 30, 2018                                    BRUTZKUS GUBNER


                                                         By:  /s/ Jeffrey A. Kobulnick
                                                              JEFFREY A. KOBULNICK
                                                              21650 Oxnard Street, Suite 500
                                                              Woodland Hills, CA 91367
                                                              Telephone:    818-827-9000
                                                              E-mail:       jkobulnick@bg.law
                                                         Attorneys for Defendants,
                                                         KENDALL JENNER, INC. and 3072541
                                                         CANADA INC.

MOTION FOR ATTORNEYS' FEES AND COSTS

1905308/4293.013

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................3

II.     STATEMENT OF FACTS ..........................................................................4

III.    DEFENDANTS SHOULD BE AWARDED ATTORNEYS' FEES AND
        COSTS........................................................................................................9

        A.      Rule 11 Sanctions Are Warranted........................................................9

        B.      Section 1927 Sanctions Are Warranted .............................................13

        C.      Defendants Are Entitled to Recover Their Attorney's Fees and
                Costs as Prevailing Parties under the Copyright Act ........................14

                1.      Defendants are the Prevailing Parties. ....................................15

                2.      Plaintiff and Liebowitz's Conduct was Objectively
                        Unreasonable. ........................................................................17

                3.      This Court Has Labeled Liebowitz as a Copyright Troll
                        Several Times Already............................................................18

IV.     CONCLUSION .........................................................................................19

MOTION FOR ATTORNEYS' FEES AND COSTS

1905308/4293.013

# TABLE OF AUTHORITIES

Page

**Cases**

*Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*,
   498 U.S. 533 (1991) ............................................................................. 10

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384, 397 (1990) ............................................... 9, 10, 11, 12, 13

*Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc.*,
   217 WL 33938502017, at *4 (S.D.N.Y. Aug. 4, 2017) ........................... 18

*CRST Van Expedited, Inc. v. E.E.O.C.*,
   136 S. Ct. 1642 (2016) ......................................................................... 18

*Dellefave v. Access Temporaries, Inc.*,
   No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *5 (S.D.N.Y. Mar. 22, 2001) ....... 10

*Eastway Const. Corp. v. City of New York*,
   762 F.2d 243 (2d Cir. 1985) ................................................................. 10

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994) ............................................................................. 17

*In re Pennie & Edmonds LLP*,
   323 F.3d 86 (2d Cir. 2003) ............................................................. 10, 11

*Kirtsaeng v. John Wiley & Sons, Inc.*,
   136 S. Ct. 1979 (2016) ................................................................... 14, 17

*Lieb v. Topstone Industries, Inc.*,
   788 F.2d 151 (1986) ............................................................................. 17

*Manhattan Life Ins. Co. v. A.J. Stratton Syndicate (No. 782)*,
   132 F.R.D. 139 (S.D.N.Y. 1990) .......................................................... 10

*Matthew Bender & Co., Inc. v. West Pub. Co.*
   240 F.3d 116 (2d Cir. 2001) ................................................................. 17

*McDermott v. Monday Monday, LLC*,
   17-cv-9230 (DLC), 2018 U.S. Dist. LEXIS 28664 ,
   2018 WL 1033240 , at*3 n.4 (S.D.N.Y. Feb. 22, 2018) ................... 3, 18, 19

*Mopaz Diamonds, Inc. v. Inst. of London Underwriters*,
   822 F. Supp. 1053 (S.D.N.Y. 1993) ...................................................... 13

*Silberstein v. Digital Art Sols., Inc.*,
   No. 02 CV 8187 GBD, 2003 WL 21297291, at *1
   (S.D.N.Y. June 4, 2003) ............................................................. 14, 15, 16

*Steeger v. JMS Cleaning Services LLC*,
   17-cv-8013 (DLC) (S.D.N.Y. Feb. 28, 2018) ....................... 3, 5, 7, 12, 13, 18

*Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*,
   *AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) ..................................... 13

MOTION FOR ATTORNEYS' FEES AND COSTS

*United States v. Int'l Bhd. of Teamsters, Chauffeurs,*
*Warehousemen & Helpers of Am., AFL-CIO,*
948 F.2d 1338, 1343 (2d Cir. 1991)............................................................................9

**Statutes**

17 U.S.C. § 412 ..................................................................................................................5

17 U.S.C. § 504 ..................................................................................................................5

17 U.S.C. § 505 ..........................................................................1, 3, 4, 14, 15, 18, 19

28 U.S.C. § 7 ...........................................................................................1, 3, 13, 14, 19

**Rules**

Federal Rule of Civil Procedure 11 ......................................................*passim*

Federal Rule of Civil Procedure 41(a) ..........................................................12

MOTION FOR ATTORNEYS' FEES AND COSTS

1905308/4293.013

Defendants, KENDALL JENNER, INC. ("KJI") and 3072541 CANADA INC., a California corporation doing business as Kendall + Kylie ("Kendall + Kylie") (collectively, "Defendants") hereby moves this Court for an Order, pursuant to Federal Rule of Civil Procedure 11, Title 17 of the United States Code Section 505, and Title 28 of the United States Code Section 1927: Awarding Defendants recovery of their attorneys' fees and costs in an exact amount to be determined later, and not less than $22,000, from Plaintiff, Al Pereira ("Plaintiff" or "Pereira") and its counsel, Richard Liebowitz of Liebowitz Law Firm, PLLC ("Liebowitz"), who this Court has already labeled several times as a copyright "troll."[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

At least as early as the day after the initial complaint was filed, Plaintiff and his attorney, Liebowitz, have known that they are statutorily prohibited from recovering attorneys' fees and costs and that their maximum potential recovery in this case *if* they prevailed on their claims (which Defendants do not concede), was less than $100.   Nonetheless, with full knowledge of these irrefutable facts, Plaintiff and Liebowitz demanded $25,000 from Defendants to settle, otherwise they would force Defendants and their related principals and agents, including Kendall Jenner, to endure the expense and aggravation of depositions and trial.   Even after receiving a counteroffer from Defendants for more than the maximum amount that Plaintiff or Leibowitz could have possibly recovered through any judgment, Plaintiff and Leibowitz continued to demand much more, filed an amended complaint (dragging in another defendant) and requested multiple extensions of time from the Court, even after missing multiple deadlines, to further multiply the proceedings and continue their attempted extortion.   Plaintiff and Liebowitz's misconduct violates Rule 11 and Section 1927, such that monetary sanctions are appropriate.   Pereira and Leibowitz's voluntary dismissal of this frivolous case under all circumstances, including in the face of a pending deadline to show cause

---

[1] *See Steeger v. JMS Cleaning Services LLC*, 17-cv-8013 (DLC) (S.D.N.Y. Feb. 28, 2018, fn. 1), available at https://www.bloomberglaw.com/public/mobile/document/Steeger_v_JMS_Cleaning_Servs_LLC_No_17cv8013DLC_2018_BL_68002_SDN?1520156052#fn_fn_1_0, citing *McDermott v. Monday Monday, LLC*, 17cv9230 (DLC), 2018 U.S. Dist. LEXIS 28664 , 2018 WL 1033240 , at*3 n.4 (S.D.N.Y. Feb. 22, 2018).  In both cases, the Court noted that Liebowitz is a known copyright troll who has filed more than 500 copyright infringement cases in the last two years, and in *Steeger*, the Court jointly sanctioned Richard Liebowitz and Liebowitz Law Firm PLLC $10,000 based on his failure to provide notice of a pretrial conference and based on certain representations to the Court which were deemed less than forthcoming.

1  why they should not be required to post security for Defendants' anticipated costs as a condition of

2  continuing forward with this case, also justifies a finding that Defendants are "prevailing parties"

3  and an award to Defendants of their attorneys' fees and costs under Section 505 of the Copyright

4  Act. Accordingly, Defendants respectfully request that Plaintiff and Liebowitz be ordered to

5  reimburse Defendants in an exact amount to be determined, and no less than $22,000, for

6  Defendants' attorneys' fees and costs incurred in needlessly defending this frivolous action.

7  **II.    STATEMENT OF FACTS**

8      The initial Complaint in this action was filed on September 12, 2017. (Docket No. 1.) At

9  that time, KJI was the only named defendant. (*Id.*) At no time prior to the filing of the Complaint,

10  were Defendants or their counsel contacted by Plaintiff or its counsel regarding the claims at issue

11  therein. (Declaration of Jeffrey A. Kobulnick ("Kobulnick Decl.") ¶ 4.) Before the Complaint was

12  served, Defendants' counsel learned about it and, on September 13, 2017, contacted Plaintiff's

13  counsel, Richard Liebowitz of Liebowitz Law Firm, PLLC ("Liebowitz"), by telephone and e-mail,

14  to accept service of the Complaint and discuss early resolution. (*Id.* ¶ 5, Exhibit ("Ex.") 1.) At that

15  time, as evidenced by e-mail exchanges between counsel, Defendants' counsel informed Liebowitz

16  that "Kendall Jenner, Inc. played no role in the alleged misconduct at issue" and that another one of

17  [its] clients, which does business as Kendall + Kylie, was the correct party that should have been

18  named as the defendant in the Complaint. (*Id.* ¶ 6, Ex. 1.)

19      Defendants' counsel also informed Liebowitz, in the same e-mail, that the garment at issue in

20  the Complaint was actually a single vintage t-shirt, which Kendall + Kylie lawfully purchased from a

21  third-party's retail store in Los Angeles, California, and then re-sold on its website. (*Id.* ¶ 7, Ex. 1.)

22  That is, as Defendants' counsel explained to Liebowitz, Kendall + Kylie did not manufacture, or

23  cause anyone else to manufacture, the garment bearing Pereira's photograph. (*Id.* ¶ 7, Ex. 1.)

24  Kendall+ Kylie simply purchased one t-shirt and resold it, without reproducing any copyrightable

25  subject matter, which Defendants' counsel conveyed to Liebowitz, is protected under the First Sale

26  Doctrine. (*Id.* ¶ 7, Ex. 1.)

27      Defendants' counsel further explained in that September 13, 2017 e-mail, that immediately

28  upon learning of concerns related to Kendall + Kylie's limited line of t-shirts bearing photographs of

various musicians (only a single t-shirt of which contained the photograph at issue in Plaintiff's Complaint), and which concerns had nothing to do with copyright law, Kendall + Kylie removed all of the t-shirts from its online store and issued a press release apologizing for any perceived misunderstanding or disrespect to the musicians depicted on those t-shirts.  (*Id.* ¶ 8, Ex. 1.) Defendants' counsel also explained in that e-mail, that this takedown was done on June 29, 2017, which was within 24 hours of when the t-shirts were first uploaded to the website, and more than two months before Liebowitz filed this lawsuit.  (*Id.* ¶ 8, Ex. 1.)

Defendants' counsel also explained to Liebowitz, in the same September 13, 2017 e-mail, that Kendall + Kylie's gross profits from the sale of that one t-shirt was $89.69, and Kendall + Kylie did not have any other remaining inventory of t-shirts bearing the photograph at issue in Plaintiff's Complaint.  (*Id.* ¶ 9, Ex. 1.)  Liebowitz responded to that e-mail later the same-day, on September 13, 2017, only "to cut to the chase" and demand $25,000 to "put this matter to rest."  (*Id.* ¶ 10, Ex. 1.)  Rather than respond immediately to Liebowitz, Defendants' counsel conducted a few minutes of research and discovered that Pereira did not register the photograph, which is the subject of his Complaint, with the U.S. Copyright Office until July 27, 2017, which was well after the alleged infringement began (between June 28 and 29, 2017), and more than three years after the photograph was first published.  (*Id.* ¶ 11, Ex. 1.)

The Copyright Act expressly prohibits the election of statutory damages and recovery of attorneys' fees and costs to copyright owners that fail to register their works with the U.S. Copyright Office prior to the alleged infringement and more than 90 days after the work was first published. 17 U.S.C. § 412.  That is, under the Copyright Act, prevailing plaintiffs that fail to register their works with the U.S. Copyright Office prior to the alleged infringement and more than 90 days after the work was first published, are strictly limited to recovery of their actual damages plus the defendant's profits.  *See* 17 U.S.C. § 504.

According to publicly available court records, and as the Court noted on its own during the December 1, 2017 initial status conference hearing in this case, Liebowitz has filed more than 450 copyright infringement lawsuits since December 2015.  (Kobulnick Decl. ¶ 13)[2]  Also, articles in

---

[2] In this Court's recent Order dated February 28, 2018 in *Steeger v. JMS Cleaning Services LLC*, Judge Cote noted the number is actually now even higher, with 500 lawsuits filed by Liebowitz in the last two years.  *See* footnote 1, *infra*.

Law360 dated April 21, 2017, July 11, 2017, and October 10, 2017, ranked Liebowitz as filing more copyright infringement lawsuits than any other law firm in the entire United States.  (*Id.* ¶ 13, Ex. 2) According to those articles, Leibowitz files approximately 100 copyright cases *each* quarter of a calendar year.  (*Id.* ¶ 13, Ex. 2)

On that basis, Defendants' counsel believes that at the time Liebowitz filed the initial Complaint in this action, Liebowitz, as one of the most prolific filers of copyright lawsuits in the country, already knew the above-referenced fundamental aspect of copyright remedies.  (*Id.* ¶ 14.) That is, at the time Liebowitz filed the initial Complaint in this action, Defendant's counsel believes Liebowitz knew that Pereira would be statutorily limited to his actual damages plus defendant's profits, and *only if* Pereira ultimately prevailed on his copyright infringement claim.  (*Id.*)

Defendants' counsel responded to Liebowitz's $25,000 settlement demand by telephone and confirming e-mail on September 18, 2017, and informed him that because Pereira did not register his photograph with the U.S. Copyright Office until July 27, 2017, or within 90 days of the photograph's first publication, that Pereira was therefore statutorily prohibited from recovering statutory damages or attorneys' fees under the Copyright Act, and therefore could only be entitled to recover his actual damages plus (the proper) defendant's profits *if* his client ultimately prevailed on his claim, which Defendants' counsel did not concede.  (*Id.* ¶ 15, Ex. 1)  Defendant's counsel also told Liebowitz that the amount of actual damages should be a reasonable royalty in the amount of what Pereira would have been able get for a non-exclusive license to use the photograph on one t-shirt, which would have been only a few dollars.  (*Id.* ¶ 15, Ex. 1)  In other words, the most that Pereira "could ever conceivably recover in this case is less than $100."  (*Id.* ¶ 15, Ex. 1)  Defendants' counsel therefore conveyed an offer of $100 to settle the case, thereby rejecting the then-pending $25,000 demand.  (*Id.* ¶ 15, Ex. 1)

Liebowitz responded to the above-referenced points and settlement offer by asking if Defendant's counsel would be willing to put their clients, and their related principals and agents, i.e., celebrity Kendall Jenner, through depositions and trial rather than accept Liebowitz's $25,000 demand.  (*Id.* ¶ 16, *see* Ex. 1)  Liebowitz also asked if Defendants would be willing to "run the risk" of letting a jury decide how much it could award Pereira, as Liebowitz indicated a jury could award

a lot of money.  (*See* id.)  Defendant's counsel informed Liebowitz that given the total maximum liability was less than $100, it was objectively unreasonable to (1) demand $25,000, and (2) to continue litigating this case, given that Defendants had already offered to settle the case for more than Plaintiff could possibly recover.  (*Id.* ¶ 17, Ex. 1)    Defendants' counsel also told Liebowitz that a jury would not be allowed to award more damages than the Copyright Act allows.  (*Id.* ¶ 17, Ex. 1)  Defendants counsel also informed Liebowitz, on September 18, 2017, that Liebowitz's continued maintenance of this action, with full knowledge of the above-mentioned facts, might violate Rule 11.  (*Id.* ¶ 18, Ex. 1)

Liebowitz took no action for nearly two months.  (*Id.* ¶ 19.)  On September 14, 2017, the Court issued an Order, setting an initial status conference for December 1, 2017, requiring the parties to submit a joint letter and case management statement, and ordering Liebowitz to serve KJI with a copy of that Order and to file an affidavit certifying such service.  (Docket No. 7.)  Just as in the *Steeger* case mentioned above, Liebowitz failed to serve a copy of that Order to KJI.  (Kobulnick Decl. ¶ 20, *see* Ex. 3.)  KJI's counsel, on its own, who were not yet on the Court's ECF distribution list for this case, checked the Court's docket on November 13, 2017 and e-mailed Liebowitz that same day upon learning of the Order and the requirements contained therein.  (*Id.* ¶ 20, Ex. 3.)

Further, even though the Court's Order required the parties to file these documents by no later than November 24, 2017 (Docket No. 7), and even though KJI provided its portions to Liebowitz on November 22, 2017, and specifically reminded him about the November 24, 2017 filing deadline; Liebowitz failed to file the joint letter until November 27, 2017 (Docket No. 9-1) – three days after the Court's deadline – which only came in response to another e-mail from KJI's counsel on November 27, 2017 asking why it had not been filed.  (*Id.* ¶ 21, Ex. 3.)  Liebowitz ultimately filed the documents, but did not provide any explanation.  (*Id.* ¶ 21, Ex. 3.)

It was not until the December 1, 2017 status conference, when Defendants' counsel again raised the issue of proper parties to the Court, that Liebowitz informed the Court he intended to file an amended complaint, naming the proper defendant, Kendall + Kylie.  (*Id.* ¶ 22.)  Additionally, during the same December 1, 2017 status conference, after a discussion of the applicability of the First Sale Doctrine and the very low maximum amount of potential recoverable damages in this case,

the Court ordered Liebowitz to show cause, on or before December 15, 2017, why Liebowitz should not be required to post a bond to cover Defendants' anticipated costs, as a condition of continuing forward with this case.  (*Id.* ¶ 22; *see* Docket No. 16.)

On December 4, 2017, in response to an e-mail from Liebowitz asking to confirm the corporate entity name for the soon-to-be-added defendant, Defendants' counsel sent an e-mail to Liebowitz, warning him that filing an amended complaint, with full knowledge of the above-mentioned facts, would violate Rule 11:

> Richard,
>
> The client is 3072541 Canada Inc., doing business as Kendall + Kylie, with a business address at 101 Japanese Village Plaza, Los Angeles, California 90012. Our office will accept service of the amended complaint once it is filed.
>
> Before you file an amended complaint in this case however, I would strongly suggest you give serious consideration as to whether filing a lawsuit against our client where the maximum recoverable damages is less than $100 in the event that your client could even prove its claim (which as you know, we do not concede) is a good idea.  It is our position, as stated to you before, that maintaining this action is objectively unreasonable, frivolous, and frankly, sanctionable.  You are about to file the same lawsuit against another party with full knowledge of the maximum available damages and undisputable awareness that your client is also not entitled to recover its attorney fees in the event that it somehow prevails on its claim.  I believe that runs afoul of Fed. R. Civ. P. 11.  It was very clear during last Friday's hearing that the Court is well aware that you have filed more than 450 lawsuits for copyright infringement in the last 2 years, which we note according to a Law360 article earlier this year is more than any other law firm in the entire country, and that the Court has serious doubts as to whether your claim should still be going forward.  I strongly suggest you simply dismiss this case now and instead devote your time to cases with more merit and possible available remedies.
>
> Best regards,
> Jeff

(Kobulnick Decl. ¶ 24, Ex. 4.)

The following day, December 5, 2017, Liebowitz responded, offering to settle this case for $12,500. (*Id.* ¶ 25, Ex. 4.)  Defendants' counsel did not respond to that e-mail for several days.  (*Id.*) Then, on December 8, 2017, with full knowledge that Pereira still could not recover more than $100, Liebowitz filed an amended complaint against Kendall + Kylie.  (Docket No. 13.)

After Liebowitz failed to show cause why he should not be ordered to post security for Defendant's anticipated costs, on December 18, 2017, the Court, on its own, graciously extended Liebowitz's deadline to do so to December 22, 2017. (Docket No. 16.) Later that same day, Liebowitz requested a further extension to January 5, 2018 (Docket No. 18), which the Court granted (Docket No. 19). Then, on January 2, 2018, Liebowitz requested an additional extension to January 12, 2018 (Docket No. 22), which the Court partially granted, extending his deadline only to January 8, 2018, and noting that no further extensions would be granted (Docket No. 23). Rather than show cause, on January 4, 2018, Liebowitz filed a notice of dismissal without prejudice (Docket No. 24), which the Court granted the following day (Docket No. 25).

As a result of the foregoing, Defendants incurred more than $22,000 in attorneys' fees and costs, between two different law firms (Los Angeles counsel, where Defendants are located, and local counsel in New York), to prepare and defend this case, including fees for necessary work not described herein. (Kobulnick Decl. ¶ 31.)

In compliance with Federal Rule of Civil Procedure 11, on March 8, 2018, Defendants' counsel caused to be served on Liebowitz a copy of this Motion for Attorney Fees and Costs, the supporting Declaration of Jeffrey A. Kobulnick and accompanying exhibits, along with a cover letter providing Liebowitz with 21-days to correct his violations of Rule 11 by reimbursing Defendants for a portion of their attorneys' fees and costs incurred in Defending this frivolous case. (*Id.* ¶ 32.) As of the date of this filing, more than 21-days after service, Liebowitz has still not corrected his Rule 11 violations, making the filing of this Motion for Sanctions necessary. (*Id.*)

## III.    DEFENDANTS SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS

### A.    <u>Rule 11 Sanctions Are Warranted</u>

"Rule 11 [is] aimed at curbing abuses of the judicial system." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). The "central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Id.* at 394. "Drawing a line between zealous advocacy and frivolous conduct, Rule 11 provides a vehicle for sanctioning an attorney, a client, or both." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1343 (2d Cir. 1991).

Rule 11 provides, in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

> Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not interposed for any improper purpose." An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." Such a sanction may, but need not, include payment of the other parties' expenses.

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (quoting Fed. R. Civ. P. 11).

A court may "impose sanctions not only for a party's 'signing' a paper filed with the district court, but for 'presenting to the court (whether by signing, filing, submitting, or later advocating)' a document that is otherwise sanctionable." *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *5 (S.D.N.Y. Mar. 22, 2001) (quoting Fed. R. Civ. P. 11(b)). Rule 11 imposes "an objective standard of 'reasonableness under the circumstances.'" *In re Pennie & Edmonds LLP*, 323 F.3d 86, 94 (2d Cir. 2003) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 548-49 (1991)). "[S]ubjective good faith is not a safe harbor." *Manhattan Life Ins. Co. v. A.J. Stratton Syndicate (No. 782)*, 132 F.R.D. 139, 143 (S.D.N.Y. 1990) (citing *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985) ("No longer is it enough for an attorney to claim that he acted in good faith, or that he personally was unaware of the groundless nature of an argument or claim.") The Advisory Committee's Note to the 1993 amendments to Rule 11 makeS clear that this objective standard of reasonableness was "intended to

1   eliminate any 'empty-head pure-heart' justification for patently frivolous" filings.  Fed. R. Civ. P.

2   11, Adv. Comm.'s Note (1993).

3           Further, Rule 11 violations cannot be cured by voluntarily dismissing a case pursuant to Rule

4   41(a).

5           Because both Rule 41(a)(1) and Rule 11 are aimed at curbing abuses of the
            judicial system, their policies are completely compatible.  Rule 41(a)(1) was
6           designed to limit a plaintiff's ability to dismiss an action in order to curb abuses of
            pre-existing state and federal procedures allowing dismissals as a matter of right
7           until the entry of the verdict or judgment.  It does not codify any policy that the
            plaintiff's right to one free dismissal also secures the right to file baseless papers.
8           If a litigant could purge his Rule 11 violation merely by taking a dismissal, he
            would lose all incentive to investigate more carefully before serving and filing
9           papers.

10  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990).

11          Here, at the time that Liebowitz filed the amended complaint in this action, the Court had not

12  only already expressed its doubts to him regarding whether this case should proceed by requiring

13  him to show cause why he should not be required to post security for Defendants' anticipated costs

14  in this action (*see* Docket No. 16.), Leibowitz also knew at that time that his client was statutorily

15  prohibited from recovering attorneys' fees and could not recover more than $100 in damages from

16  Defendants *even if* Plaintiff ultimately prevailed on his copyright infringement claim (which

17  Defendants do not concede).  (*See* Kobulnick Decl. ¶¶ 5-23, Ex. 1-3.)  Nonetheless, and with

18  multiple warnings from Defendants' counsel that filing an amended complaint with full knowledge

19  of this limitation on Plaintiff's available remedies would violate Rule 11, Leibowitz signed and filed

20  it anyway.  (*See id.* ¶¶ 5-23, Ex. 1-3.)

21          Rule 11 imposes sanctions on parties and their attorneys for filing pleadings improper

22  purposes, such as harass, cause unnecessary delay, needlessly increase the cost of litigation, or which

23  are otherwise frivolous or objectively unreasonable. Fed. R. Civ. P. 11(b); *Pennie & Edmonds LLP*,

24  323 F.3d 86, 94 (2d Cir. 2003).  It also imposes an affirmative duty on attorneys to conduct a

25  reasonable inquiry into the merit of every pleading that they file.  Fed. R. Civ. P. 11(b); *Cooter &*

26  *Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

27          Here, it is clear that Leibowitz did not conduct any due diligence prior to the time initial

28  complaint was filed, for instance by contacting Defendants or its counsel to attempt informal

resolution.  (Kobulnick Decl. ¶ 4.)  Had Leibowitz done so, he would have quickly learned that the maximum potential recovery in this case was less than this Court's $400 filing fee for the complaint, and this case would likely have never been filed in the first place.

Moreover, shortly after Liebowitz filed the initial Complaint and learned that his client's maximum potential recovery in this case was less than $100, it became patently clear that he only maintained this lawsuit to extort far more money from Defendants than he could have possibly recovered from any judgment, by threatening Defendants with the costs and aggravation of litigation and its expenses, including the threat of forcing Kendall Jenner to endure deposition and trial testimony.  (*See id.* ¶¶ 15-18, Ex. 1.)

It is also clear that despite repeated warnings from Defendants' counsel and skepticism from the Court as to whether this case should proceed (as evidenced by the order to show cause relating to posting security for Defendants' anticipated costs), that at the time Liebowitz signed and filed the Amended Complaint (Docket No. 13), he knew that Pereira absolutely could not recover more than $100 *even if* he ultimately prevailed on his copyright infringement claim.  (*See* Kobulnick Decl. ¶¶ 9-15, Ex. 1-2.)  Rather, by signing and filing the Amended Complaint, Liebowitz only intended to cause unnecessary delay, needlessly increase the costs of litigation, and to further harass Defendants and their related principals and agents, including Kendall Jenner, with the prospect of being forced to sit for depositions and trial testimony, in clear violation of Rule 11.  *See* Fed. R. Civ. P. 11(b).

Had it not been for the Court's impending deadline for Leibowitz to show cause why he should not be required to post security for Defendant's anticipated costs as a condition of continued forward with this case, this case would still be pending, and Defendants and the Court would have been forced to needlessly continue spending valuable resources dealing with this frivolous case. Liebowitz's filing of a voluntary dismissal pursuant to Rule 41(a) does not absolve him of his misconduct, and should not be condoned.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990) (Rule 11 "does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers").

Notably, in another recent case filed by Liebowitz in this District, *Steeger v. JMS Cleaning Services LLC*, Case No. 17-cv-08013 (DLC), the Court issued Rule 11 sanctions of $10,000 jointly

MOTION FOR ATTORNEYS' FEES AND COSTS

and severally against Richard Liebowitz and Liebowitz Law Firm, PPLC where Liebowitz failed to serve a notice of pretrial conference on the defendant, delayed in serving the complaint, and failed to communicate with the defendant effectively concerning settlement.  *Steeger v. JMS* Cleaning, Docket No. 22, Feb. 28, 2018.  In doing so, the Court noted that Liebowitz has a history of not serving notices of conferences, including in this case at hand.  *Steeger* Docket No. 22, Feb. 28, 2018, at *4.  The Court also found that Liebowitz "needlessly imposed costs on the defendant" where the defendant had expressed a desire to avoid litigation reach an early settlement.  *Id.* at *8-9.  Defendants respectfully submit that the same facts in this case warrant an award of sanctions under Rule 11 as well.

Accordingly, Defendants respectfully request that this Court impose Rule 11 sanctions against Liebowitz by ordering him to reimburse Defendants' for their attorneys' fees and costs incurred in defending this frivolous case.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 393 (Rule 11 sanctions may "include payment of the other parties' expenses.")

**B.    Section 1927 Sanctions Are Warranted**

"Section 1927 empowers a federal court to require an attorney 'to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred' when that attorney has 'unreasonably and vexatiously' multiplied the proceedings in an action."  *Mopaz Diamonds, Inc. v. Inst. of London Underwriters*, 822 F. Supp. 1053, 1057 (S.D.N.Y. 1993) (quoting 28 U.S.C. § 1927). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

"The purpose of this statute is 'to deter unnecessary delays in litigation.'"  *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991).  "[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some

improper purpose such as delay." *Id.* (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)). "Bad faith is the touchstone of an award under this statute." *Id.* (citation omitted). Unlike Rule 11, "Section 1927 violations do not hinge on the presence of a paper." *Id.* at 1346. Section "1927 invites attention to a course of conduct, and imposes a continuing obligation on attorneys to avoid dilatory tactics." *Id.* Additionally, "awards pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards." *Id.* at 1345.

Here, Liebowitz's conduct throughout this litigation was unreasonable, vexatious, and calculated to multiply the proceedings of this case for an improper purpose, namely extortion of far more money from Defendants than Liebowitz could have possibly recovered from any judgment, by threatening Defendants with the additional costs and aggravation of litigation. As a result of Liebowitz's unreasonable and vexatious conduct, as well as unnecessarily drawing out this litigation through both multiple requests for extensions and missed deadlines, Defendants needlessly incurred over $22,000 in legal fees defending this frivolous matter. Liebowitz's misconduct should not be condoned, and the Court should appropriately sanction him by requiring him to reimburse Defendants for their attorneys' fees and costs incurred in this matter.

**C.    Defendants Are Entitled to Recover Their Attorney's Fees and Costs as Prevailing Parties under the Copyright Act**

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505; *see also Silberstein v. Digital Art Sols., Inc.*, No. 02 CV 8187 GBD, 2003 WL 21297291, at *1 (S.D.N.Y. June 4, 2003) ("The Copyright Act provides that a court, in its discretion, may award attorney's fees to a prevailing party.") (quoting 17 U.S.C. § 505).

Once it has been determined who is the prevailing party, in deciding whether to award attorneys' fees, the court must consider certain factors, giving substantial weight to whether the non-prevailing party's conduct was objectively unreasonable. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016).

### 1.    Defendants are the Prevailing Parties.

Where, as here, "the case terminates because the plaintiff filed a Notice of Voluntary Dismissal, a court must examine the circumstances surrounding the voluntary dismissal to determine if the defendant may properly be considered a 'prevailing party.'" *Silberstein*, 2003 WL 21297291, at *1. As explained in *Silberstein*:

> Certainly, it cannot be said that a defendant always prevails when a plaintiff voluntarily dismisses his lawsuit without prejudice. It would be incorrect and illogical, however, to hold that a defendant never prevails upon such a voluntary dismissal. The answer, we believe, lies in examining the circumstances surrounding the voluntary dismissal. For example, where the complaint is clearly frivolous or there have been proceedings on the merits or substantial discovery, defendants have a stronger argument that they prevail when plaintiff voluntarily discontinues suit. On the other hand, where it has not been shown that the complaint is frivolous and there have been no proceedings on the merits nor substantial pre-trial proceedings, the argument must necessarily be less persuasive.

*Silberstein*, 2003 WL 21297291, at *1 (citations omitted).  As the court elaborated:

> A defendant is not considered a "prevailing party," where for example, the plaintiff voluntarily dismissed because, for tactical reasons, it chose to bring its claims in state court rather than federal court, or where discovery of adverse facts or a change in the law caused the plaintiff to voluntarily dismiss.  [citation] "Where, however, a 'calculating' plaintiff obtains a dismissal in order to avoid an adverse ruling on the merits, the case for the defendant becomes more compelling ..... [A] plaintiff should not be able to avoid paying attorney's fees by bringing a frivolous claim and then obtaining a dismissal before a ruling on the merits." Id.

*Silberstein*, 2003 WL 21297291, at *1 (citations omitted).

Here, the circumstances surrounding Plaintiff's voluntary dismissal demonstrate that Defendants are prevailing parties entitled to an award under Section 505 of the Copyright Act. Plaintiff filed this action for copyright infringement against KJI without conducting any due diligence into the facts at hand or even attempting to contact Defendants to informally resolve the claim, which would have likely resulted in this case being resolved long ago, or never even being filed in the first place.  (Kobulnick Decl. ¶ 4.)  Moreover, Plaintiff and its counsel, Liebowitz, filed this action with full knowledge of the facts that they were statutorily prohibited from recovering attorneys' fees or costs, or electing statutory damages, and that they would be strictly limited to recovery of their actual damages plus the defendant's profits *if* they ultimately prevailed on their

1905308/4293.013

claims (which, again, Defendants do not concede). (*Id.* ¶ 14.)

Within 24 hours of the Complaint being filed, Defendants' counsel informed Liebowitz that Defendants' only re-sold a single t-shirt bearing the photograph at issue, that Defendants never possessed any more inventory of products bearing the photograph, that Defendants' profits from the single re-sale were less than $100, and that the re-sale of the single shirt at issue was protected by the First Sale Doctrine. (*Id.* ¶¶ 5-9.) Liebowitz immediately responded with a $25,000 settlement demand, despite *knowing* that Pereira could not recover more than Defendants' profits plus Pereira's actual damages, and could not recover attorneys' fees or statutory damages. (*Id.* ¶ 10.)

Even after Defendants' counsel offered to settle this case for $100—which is more than Pereira could have recovered through any judgment—Plaintiff and Liebowitz continued to demand $25,000 and maintain this lawsuit and in an attempt to extort far more money from Defendants than they possibly could have recovered, by expressly threatening Defendants with the additional costs and aggravation of depositions and trial. (*Id.* ¶¶ 15-16.)

Despite repeated warnings from Defendants' counsel that Plaintiff and Liebowitz's continued maintenance of this case with full knowledge of the above facts and anticipated filing of an amended complaint would violate Rule 11 (*id.* ¶¶ 18, 24, Ex. 1, 4), it was not until after the Court expressed its doubts to Liebowitz during the December 1, 2017 status conference of whether this case should proceed forward given the low amount of recoverable damages and applicability of the First Sale Doctrine defense, and after Liebowitz was ordered to show cause why he should not be ordered to post security for Plaintiff's anticipated costs as a condition of proceeding forward with this case, that on the eve Plaintiff's thrice extended deadline to show cause that he finally dismissed this case (Docket No. 24).

Plaintiff and Leibowitz did not dismiss this case for tactical reasons, or because of the discovery of adverse facts, or a change in law, but because of an imminent adverse ruling which they sought to avoid. *See Silberstein*, 2003 WL 21297291, at *1. Unfortunately for Defendants, despite their best and good faith efforts to quickly resolve this action, due to Plaintiff and Liebowitz's misconduct, the case was not dismissed soon enough, and Defendants incurred over $22,000 in needlessly defending this frivolous action.

Plaintiff and Liebowitz's misconduct should not be condoned.    The circumstances surrounding the dismissal demonstrate that Defendants are the prevailing parties, and that they should be awarded their attorneys' fees and costs for defending this case.

### 2.    Plaintiff and Liebowitz's Conduct was Objectively Unreasonable.

Once it is determined that there is a prevailing party, in deciding whether to award attorneys' fees under the Copyright Act, courts are guided by the following non-exclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, n. 19 (1994) (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986)); *see Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016) (noting that the Court also "retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense.").

While objective unreasonableness is an important factor, it is not the only factor. *Id.* at 1988; *see Matthew Bender & Co., Inc. v. West Pub. Co.* 240 F.3d 116, 122 (2d Cir. 2001) ("In an appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable.").  Further, liability is not synonymous with that of unreasonableness, and fee awards determined based only on liability "should be reversed for abuse of discretion." *Kirtsaeng*, 136 S. Ct. at 1988.

Here, it is clear that Plaintiff and Liebowitz's continued maintenance of this frivolous case was objectively unreasonable, and they were, at all relevant times, motivated by bad faith (i.e., extortion). (*See generally* Kobulnick Decl.).  Under the circumstances, Defendants should not only be compensated for their attorneys' fees and costs, but there is also a compelling need to deter Liebowitz—who files more copyright cases than any other lawyer in the country (*see* Kobulnick Decl. ¶ 13, Ex. 2)—from similar misconduct. *See Fogerty*, 510 U.S. at 535, n. 19.  Accordingly, the Court should award Defendants recovery of their attorneys' fees and costs as prevailing parties who were needlessly forced to incur significant fees due to Plaintiff and Liebowitz's unreasonable conduct.

### 3.    This Court Has Labeled Liebowitz as a Copyright Troll Several Times Already

As the Court is likely aware, several judges in the Southern District of New York have labeled Liebowitz as a copyright "troll," and at least one has indicated that attorney fees may be awardable against Leibowitz under Section 505 of the Copyright Act.  In *McDermott v. Monday Monday, LLC,* Case No 17-cv-09230 (DLC) (Docket No. 21, Feb. 22, 2018, *8), the Court provided:

> Plaintiff's counsel, Richard Liebowitz, is a known copyright "troll," filing over 500 cases in this district alone in the past twenty-four months.[3]  Thus, whether or not an attorney's fee award could be properly awarded against the plaintiff under Section 505 [of the Copyright Act], such an award against plaintiff's counsel may be appropriate in an exercise of this Court's inherent power.

*McDermott*, at *8-9; *see also Steeger v. JMS Cleaning Services LLC*, Case No. 17-cv-8013 (DLC) (S.D.N.Y. Feb. 28, 2018, at *1 and fn. 1) ("[Plaintiff] is represented by Richard Liebowitz, who has been labelled a copyright 'troll.'" (citing *McDermott*).  "Mr. Leibowitz has filed over 500 cases in this district in the past twenty-four months." *Id.* at fn. 1.

In *McDermott,* while the Court ultimately declined to award the defendant its attorney fees, the Court did find, following the Supreme Court's decision in *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016), that "[a] prevailing defendant may recover 'fees expended in a frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not.'" *McDermott*, at *4-5, citing *CRST Van Expedited, Inc,* 136 S. Ct. at 1646.   The Court continued:

> "The congressional policy regarding the exercise or district court discretion in the ultimate decision whether to award attorney fees does not distinguish between merits-based and non-merits based judgments." [*CRST*, at 1646.]  Indeed, "one purpose of the fee-shifting provision is to deter the bringing of lawsuits without proper foundation."  *Id.* (citation omitted).   The defendant has "fulfilled its primary objective" when the "plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision."  *Id.* at 1651.   Defendants can be prevailing parties "even if the court's final judgment rejects the plaintiff's claims for a nonmerits reason."  *Id.*

---

[3] "In common parlance, copyright trolls are more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service.  A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim" *Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc.*, 217 WL 33938502017, at *4 (S.D.N.Y. Aug. 4, 2017) (citation omitted).

MOTION FOR ATTORNEYS' FEES AND COSTS

1   *McDermott*, at *5.  In the case at hand, the Court expressed skepticism about the plaintiff's claims

2   based on the First Sale Doctrine and issued an order for the plaintiff to show cause why a bond

3   should not be required by the plaintiff to cover Defendants' anticipated costs.  Rather than respond

4   to the order to show cause as ordered, the plaintiff voluntarily dismissed the case, after months of

5   maintaining the action with full knowledge that the Copyright Act only provided for damages of less

6   than $100 in this case even if the plaintiff could somehow prevail.  Such gamesmanship by the

7   plaintiff and in particular his counsel Liebowitz should not be condoned, and Defendants should be

8   awarded their attorney fees and costs.

9   **IV.    CONCLUSION**

10          For all the foregoing reasons, Defendants respectfully request that the Motion be granted, and

11  that Plaintiff and Liebowitz be ordered to reimburse Defendants for their attorneys' fees and costs in

12  connection with this matter, as sanctions for violations of Rule 11 and Section 1927, and pursuant to

13  Section 505 of the Copyright Act, in an exact amount to be determined and no less than $22,000.

14

15  Dated:  March 30, 2018                    BRUTZKUS GUBNER

16

17                                           By:  /s/ Jeffrey A. Kobulnick
                                                  JEFFREY A. KOBULNICK
18                                                21650 Oxnard Street, Suite 500
                                                  Woodland Hills, CA 91367
19                                                Telephone:    818-827-9000
                                                  E-mail:       jkobulnick@bg.law
20                                           Attorneys for Defendants,
                                             KENDALL JENNER, INC. and 3072541
21                                           CANADA INC.

22  Dated:  March 30, 2018                    FURGANG & ADWAR, L.L.P.

23

24                                           By:  /s/ Stephanie Furgang Adwar
                                                  STEPHANIE FURGANG ADWAR
25                                                515 Madison Avenue, Suite 6A
                                                  New York, NY 10022
26                                                Telephone:    212-725-1818
                                                  E-mail:       stephanie@furgang.com
27                                           Attorneys for Defendants,
                                             KENDALL JENNER, INC. and 3072541
28                                           CANADA INC.

1905308/4293.013