UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL PEREIRA,

        Plaintiff,

- against -

KENDALL JENNER, INC.,

        Defendant.

Docket No. 1:17-cv-06945 RA

**DECLARATION OF JEFFREY A. KOBULNICK IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Assigned to Hon. Ronnie Abrams

## <u>DECLARATION OF JEFFREY A. KOBULNICK</u>

I, Jeffrey A. Kobulnick, hereby declare:

1.    I am an attorney licensed to practice before all courts of the State of California and am a partner with the law firm of Brutzkus Gubner, counsel for Defendants, KENDALL JENNER, INC. ("KJI") and 3072541 CANADA INC., a California corporation doing business as Kendall + Kylie ("Kendall + Kylie") (collectively, "Defendants"), in the above-entitled matter. I was granted permission by this Court to appear *pro hac vice* on behalf of Defendants in connection with this matter. (Docket No. 17.)

2.    I have personal knowledge of the matters set forth herein, either as a direct participant in the matters described, or in my capacity as one of the attorneys responsible for the handling of this case on behalf of Brutzkus Gubner. As to those matters, my knowledge is based upon a review of the files maintained by Brutzkus Gubner in its regular course of business. I am familiar with the manner in which those files are created and maintained. If called and sworn as a witness, I could and would competently testify to the matters set forth herein.

3.    I make this Declaration in support of Defendants' Motion for Attorneys' Fees and Costs ("the Motion").

4.    The initial Complaint in this action was filed on September 12, 2017. (Docket No. 1.) At that time, KJI was the only named defendant. (*Id.*) At no time prior to the filing of the Complaint, were Defendants or their counsel contacted by Plaintiff or Leibowitz regarding the

1905308/4293.013

claims at issue therein.

5.      Before the Complaint was served, our firm learned about it and, on September 13, 2017, I contacted Plaintiff's counsel, Richard Liebowitz of Liebowitz Law Firm, PLLC ("Liebowitz"), by telephone and e-mail, to accept service of the Complaint and discuss early resolution.

6.      At that time, as evidenced by my e-mail exchanges with Liebowitz, true and correct copies of which are collectively attached hereto as **Exhibit 1**, on September 13, 2017, I informed Liebowitz that "Kendall Jenner, Inc. played no role in the alleged misconduct at issue" and that another one of our clients, which does business as Kendall + Kylie, was the correct party that should have been named as the defendant in the Complaint.  (Exhibit 1.)

7.      I also informed Liebowitz, in the same e-mail, that the garment at issue in the Complaint was actually a single vintage t-shirt, which Kendall + Kylie lawfully purchased from a third-party's retail store in Los Angeles, California, and then re-sold on its website.  (*Id.*)  That is, as I explained to Liebowitz, Kendall + Kylie did not manufacture, or cause anyone else to manufacture, the garment bearing Pereira's photograph.  (*Id.*)  Kendall+ Kylie simply purchased one t-shirt and resold it, without reproducing any copyrightable subject matter, which I conveyed to Liebowitz, is protected under the First Sale Doctrine.  (*Id.*)

8.      Further, I explained in my September 13, 2017 e-mail, immediately upon learning of concerns related to Kendall + Kylie's limited line of t-shirts bearing photographs of various musicians (only a single t-shirt of which contained the photograph at issue in Plaintiff's Complaint), and which concerns had nothing to do with copyright law, Kendall + Kylie removed all of the t-shirts from its online store and issued a press release apologizing for any perceived misunderstanding or disrespect to the musicians depicted on those t-shirts.  (*Id.*)  I also explained in that e-mail, that this takedown was done on June 29, 2017, which was within 24 hours of when the t-shirts were first uploaded to the website, and more than two months before Liebowitz filed this lawsuit.  (*Id.*)

9.      I also explained to Liebowitz, in the same September 13, 2017 e-mail, that Kendall + Kylie's gross profits from the sale of that one t-shirt was $89.69, and Kendall + Kylie did not have

DECLARATION OF JEFFREY A. KOBULNICK ISO MOTION FOR ATTORNEYS' FEES AND COSTS

any other remaining inventory of t-shirts bearing the photograph at issue in Plaintiff's Complaint. (*Id.*)

10.    Liebowitz responded to my e-mail later the same-day, on September 13, 2017, only "to cut to the chase" and demand $25,000 to "put this matter to rest."  (*Id.*)

11.    Rather than respond immediately to Liebowitz, I conducted a few minutes of research and discovered that Pereira did not register the photograph, which is the subject of his Complaint, with the U.S. Copyright Office until July 27, 2017, which was well after the alleged infringement began (between June 28 and 29, 2017), and more than three years after the photograph was first published.

12.    The Copyright Act expressly prohibits the election of statutory damages and recovery of attorneys' fees and costs to copyright owners that fail to register their works with the U.S. Copyright Office prior to the alleged infringement and more than 90 days after the work was first published.  17 U.S.C. § 412.  That is, under the Copyright Act, prevailing plaintiffs that fail to register their works with the U.S. Copyright Office prior to the alleged infringement and more than 90 days after the work was first published, are strictly limited to recovery of their actual damages plus the defendant's profits.  *See* 17 U.S.C. § 504.

13.    According to publicly available court records, and as I believe the Court noted on its own during the December 1, 2017 initial status conference hearing in this case, Liebowitz has filed more than 450 copyright infringement lawsuits since December 2015.  Also, articles in Law360 dated April 21, 2017, July 11, 2017, and October 10, 2017, true and correct copies of which are collectively attached hereto as **Exhibit 2**, also ranked Liebowitz as filing more copyright infringement lawsuits than any other law firm in the entire United States.  According to these articles, Leibowitz files approximately 100 copyright cases *each* quarter of a calendar year.

14.    I believe that at the time Liebowitz filed the initial Complaint in this action, Liebowitz, as one of the most prolific filers of copyright lawsuits in the country, already knew the above-referenced fundamental aspect of copyright remedies.  That is, at the time Liebowitz filed the initial Complaint in this action, I believe he knew that Pereira would be statutorily limited to his actual damages plus defendant's profits, and *only if* Pereira ultimately prevailed on his copyright

DECLARATION OF JEFFREY A. KOBULNICK ISO MOTION FOR ATTORNEYS' FEES AND COSTS

infringement claim.

15. I responded to Liebowitz's settlement demand by telephone and confirming e-mail on September 18, 2017, and informed him that because Pereira did not register his photograph with the U.S. Copyright Office until July 27, 2017, or within 90 days of the photograph's first publication, that Pereira was therefore statutorily prohibited from recovering statutory damages or attorneys' fees under the Copyright Act, and therefore could only be entitled to recover his actual damages plus (the proper) defendant's profits *if* his client ultimately prevailed on his claim, which we did not concede. **(Exhibit 1.)** I also told Liebowitz that the amount of actual damages should be a reasonable royalty in the amount of what Pereira would have been able get for a non-exclusive license to use the photograph on one t-shirt, which would have been only a few dollars. (*Id.*) In other words, as I explained to Liebowitz, the most that Pereira "could ever conceivably recover in this case is less than $100." (*Id.*) I therefore conveyed an offer of $100 to settle the case, thereby rejecting the then-pending $25,000 demand. (*Id.*)

16. Liebowitz responded to my above-referenced points and settlement offer by asking if I would be willing to put my clients, and their related principals and agents, i.e., celebrity Kendall Jenner, through depositions and trial rather than accept Liebowitz's $25,000 demand. (*See id.*) Liebowitz also asked if my clients would be willing to "run the risk" of letting a jury decide how much it could award his client, as he indicated a jury could award a lot of money. (*See id.*)

17. I informed Liebowitz that given the total maximum liability was less than $100, it was objectively unreasonable to (1) demand $25,000, and (2) to continue litigating this case, given that I had already offered to settle the case for more than Plaintiff could possibly recover. (*Id.*) I also told him that a jury would not be allowed to award more damages than the Copyright Act allows. (*See id.*)

18. I also informed Liebowitz that I believed his continued maintenance of this action, with full knowledge of the above-mentioned facts, might violate Rule 11. (*Id.*)

19. Liebowitz took no action for nearly two months.

20. On September 14, 2017, the Court issued an Order, setting an initial status conference for December 1, 2017, requiring the parties to submit a joint letter and case management statement,

and ordering Liebowitz to serve KJI with a copy of that Order and to file an affidavit certifying such service. (Docket No. 7.) Liebowitz failed to serve a copy of that Order to KJI. Our firm, on our own, as we were not yet on the Court's ECF distribution list for this case, checked the Court's docket on November 13, 2017 and I e-mailed Liebowitz that same day upon learning of the Order and the requirements contained therein. A true and correct copy of my e-mail exchanges with Liebowitz reflecting same is attached hereto as **Exhibit 3**.

21. Further, even though the Court's Order required the parties to file these documents by no later than November 24, 2017 (Docket No. 7), and even though I provided KJI's portions to Liebowitz on November 22, 2017, and I specifically reminded him about the November 24, 2017 filing deadline; Liebowitz failed to file the joint letter until November 27, 2017 (Docket No. 9-1) – three days after the Court's deadline – which only came in response to another e-mail from me to Liebowitz on November 27, 2017 asking why it had not been filed. (Exhibit 3.) Liebowitz ultimately filed the documents, but did not provide any explanation. (*See id.*)

22. It was not until the December 1, 2017 status conference, when Defendants' counsel again raised the issue of proper parties to the Court, that Liebowitz informed the Court he intended to file an amended complaint, naming the proper defendant, Kendall + Kylie.

23. Additionally, during the same December 1, 2017 status conference, after a discussion of the applicability of the First Sale Doctrine and the very low amount of recoverable damages in this case, the Court ordered Liebowitz to show cause, on or before December 15, 2017, why Liebowitz should not be required to post a bond to cover Defendants' anticipated costs, as a condition of continuing forward with this case. (*See* Docket No. 16.)

24. On December 4, 2017, in response to an e-mail from Liebowitz asking to confirm the corporate entity name for the soon-to-be-added defendant, I sent an e-mail to Liebowitz, a true and correct copy of which is attached hereto as **Exhibit 4**, warning him that filing an amended complaint, with full knowledge of the above-mentioned facts, would violate Rule 11:

Richard,

The client is 3072541 Canada Inc., doing business as Kendall + Kylie, with a business address at 101 Japanese Village Plaza, Los Angeles, California 90012. Our office will accept service of the amended complaint once it is filed.

Before you file an amended complaint in this case however, I would strongly suggest you give serious consideration as to whether filing a lawsuit against our client where the maximum recoverable damages is less than $100 in the event that your client could even prove its claim (which as you know, we do not concede) is a good idea. It is our position, as stated to you before, that maintaining this action is objectively unreasonable, frivolous, and frankly, sanctionable. You are about to file the same lawsuit against another party with full knowledge of the maximum available damages and undisputable awareness that your client is also not entitled to recover its attorney fees in the event that it somehow prevails on its claim. I believe that runs afoul of Fed. R. Civ. P. 11. It was very clear during last Friday's hearing that the Court is well aware that you have filed more than 450 lawsuits for copyright infringement in the last 2 years, which we note according to a Law360 article earlier this year is more than any other law firm in the entire country, and that the Court has serious doubts as to whether your claim should still be going forward. I strongly suggest you simply dismiss this case now and instead devote your time to cases with more merit and possible available remedies.

Best regards,
Jeff

(Exhibit 4.)

25.    The following day, December 5, 2017, Liebowitz e-mailed me, a true and correct copy of which is included in Exhibit 2, attached hereto, offering to settle this case for $12,500. (Exhibit 4.) I did not respond to that e-mail for several days.

26.    Then, on December 8, 2017, with full knowledge that Pereira still could not recover more than $100, Liebowitz filed an amended complaint against Kendall + Kylie, in violation of Rule. (Docket No. 13.)

27.    After Liebowitz failed to show cause why he should not be ordered to post security for Defendant's anticipated costs, on December 18, 2017, the Court, on its own, graciously extended Liebowitz's deadline to do so to December 22, 2017. (Docket No. 16.)

28.    Later that same day, Liebowitz requested a further extension to January 5, 2018 (Docket No. 18), which the Court granted (Docket No. 19).

29.    Then, on January 2, 2018, Liebowitz requested an additional extension to January 12, 2018 (Docket No. 22), which the Court partially granted, extending his deadline only to January 8, 2018, and noting that no further extensions would be granted (Docket No. 23).

30.    Rather than show cause, on January 4, 2018, Liebowitz filed a notice of dismissal without prejudice (Docket No. 24), which the Court granted the following day (Docket No. 25).

31.    As a result of the foregoing, Defendants incurred more than $22,000 in attorneys' fees and costs, between two different law firms (my firm, in Los Angeles, and local counsel in New York), to prepare and defend this case, including fees for necessary work not described herein.

32.    In compliance with Federal Rule of Civil Procedure 11, on March 8, 2018, I caused to be served on Liebowitz a copy of the Motion, this Declaration and accompanying exhibits, along with a cover letter, providing Liebowitz with 21-days to correct his violations of Rule 11 by reimbursing Defendants for a portion of their attorneys' fees and costs incurred in Defending this frivolous case.  As of the date of this filing, more than 21-days after service, Liebowitz has still not corrected his Rule 11 violations, making the filing of the accompanying Motion for Attorney Fees and Costs necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2018 at Woodland Hills, California.

/s/ Jeffrey A. Kobulnick
JEFFREY A. KOBULNICK

DECLARATION OF JEFFREY A. KOBULNICK ISO MOTION FOR ATTORNEYS' FEES AND COSTS

1905308/4293.013

EXHIBIT 1

## Michael A. Bernet

| | |
|---|---|
| **From:** | Jeffrey A. Kobulnick |
| **Sent:** | Monday, September 18, 2017 6:54 PM |
| **To:** | 'Richard Liebowitz' |
| **Subject:** | RE: Al Periera v. Kendall Jenner, Inc. (4293.013) |

Dear Richard,

It was nice speaking with you by phone last Thursday.

As we discussed, because your client did not register the copyright to his design at issue in this case until July 27, 2017, which was well after the alleged infringement began (and ended, as our client only sold the garments at issue for less than 24 hours, between June 28 and 29, 2017) and quite a few years after the work was first published, your client is not entitled to statutory damages (including any enhanced damages for willful infringement) under the Copyright Act.  *See* 17 U.S.C. § 412.  As such, to the extent your client could prevail on his infringement claim (which we do not concede), the most he would be entitled to is his actual damages plus our client's profits.  Moreover, your client is likewise not entitled to its attorney fees should it somehow prevail on the claim, again pursuant to the same section of the Act.

As we have discussed, our client only sold one shirt bearing the image at issue, with total gross profits of $89.69.  This is before taking into account any expenses that may be associated with the sale of the shirt.

With respect to your client's actual damages, I told you that presumably your client was compensated when his photo was first used on the t-shirt.  That is, we presume the shirt was authorized by your client when it was first manufactured. If that is the case then your client has incurred no actual damages. If that is not the case, then your client may consider a claim against whoever first made the shirt, but that was not our client, which as I told you before merely purchased a vintage shirt from a store and then resold it.  With respect to any actual damages claimed against our client, the court would look to determine what a reasonable royalty would have been for the exact use at issue.  That is, how much would our client have paid to your client as a reasonable royalty fee to license the use of one copy of his photograph on just one shirt.  The amount of the royalty must be reasonable and fit the scope of the license.  Based on our experience, most licenses of images for use on t-shirts are within a range of 5 to 8 percent of either the total sales volume or the gross profits.  Here, our client sold the one shirt for $125 and realized $89.69 in gross profits as noted above.  As such, even if we conservatively went with the highest figure, i.e. 8% of $125, the royalty would have been $10.  It is entirely unreasonable to conclude that anyone would pay your client more money than that, particularly if the license fee would far exceed the total gross sales, as nobody would enter into a license agreement that precludes any ability for the licensee to make profit from the licensed use of the work.

During our call I asked that if you have any evidence/documentation and/or case authority to support a position that your client is entitled to more than $10 in actual damages that you send it to us as soon as possible for our due consideration.  I have not received anything from you yet but look forward to receiving that as soon as possible.

Moreover, if your client fails to prove infringement, and we believe we will prevail under the first sale doctrine, our client would be entitled to seek its own attorney fees and costs as the prevailing party in the case.

The reality is that the total amount of damages your client could ever conceivably recover in this case is less than $100.  I offered you $100 to settle this case now.  Although I recognize this is far less than your client is hoping to get in this case, the reality is that it is more than your client is entitled to.  It would be clear error for any judge or jury to be allowed to award your client more than $100 in this case.

When I pointed all of this out to you during our call, you asked if we would be willing to put our client through deposition and/or trial testimony rather than accept your demand of $25,000 to settle the case. As the total maximum liability in this case is less than $100, it is objectively unreasonable (1) for you to demand $25,000, and (2) for you to continue litigating this case given the *de minimis* damages, particularly when I have already offered you $100 to settle this case. Clearly, you are trying to extort an unreasonably high settlement from our client by insinuating that you will make this litigation unnecessarily burdensome on our client. Such objective unreasonableness will clearly support an award of our client's attorney fees should we prevail on the merits of this case. I also question whether you might be violating Rule 11 by maintaining this lawsuit with full knowledge of the above facts.

It remains our hope that we will reach a reasonable amicable resolution of this matter soon without the need for both of our clients to incur more significant fees, all of which may very well end up being paid by your client.

We look forward to hearing from you soon. Please also be advised that nothing contained herein is meant to be a waiver or relinquishment of any of our client's rights, all of which are hereby expressly reserved.

Best regards,
Jeff


**From:** Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Wednesday, September 13, 2017 10:53 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Re: Al Periera v. Kendall Jenner, Inc. (4293.013)

Dear Jeff,

Thank you for your e-mail. I spoke with my client and to avoid the back and forth negotiating he would like to cut to the chase. If your client will offer $25,000 he will accept it right away. Please let me know and I can put together a short agreement and we can put this matter to rest.


Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660


*******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

On Wed, Sep 13, 2017 at 6:31 PM, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

  Dear Richard,

It was very nice speaking with you today.  As we discussed, we learned of the complaint you filed in the Southern District of New York yesterday (Case No. 1:17-cv-06945-PA) on behalf of Al Periera against Kendall Jenner, Inc.  and will be representing the defendant in this case.  As a side note, as far as we are aware, Kendall Jenner, Inc. played no role in the alleged misconduct at issue here.  Our firm represents Kendall Jenner, Inc. as well as another entity which was not named as a defendant in the case, which does business as Kendall + Kylie and is the exclusive licensee of that brand.  This shall confirm that we will accept service of the Summons and Complaint (and related accompanying documents) via email from you, and that we will sign an acknowledgement of waiver of summons form so that Kendall Jenner, Inc. will have 60 days to respond to the complaint once you send those documents to us via email.  In light of this, you will not be having the documents personally served on Kendall Jenner, Inc.  Please send us the documents and acknowledgment waiver form at your earliest convenience.

Please rest assured that our clients, and their affiliated individuals and entities, are all taking this matter very seriously and greatly respect the intellectual property rights of others.  We are familiar with the garments at issue in this case and I am able to provide you with accurate facts which should address the issues at hand.

Kendall Jenner, Inc., as well as the individuals and entities which may be affiliated with that entity, deny that they have violated Mr. Periera's rights.  As we discussed by phone, the garments at issue are actually vintage t-shirts which our client lawfully purchased and then resold.  Those shirts already had images of various performers on them, including the image shown in Exhibit B in your complaint.  Our client did not manufacture (or cause anyone else to manufacture) garments bearing any reproductions of your clients' images.  That is, our client did not reproduce any copyrightable subject matter.  Our client simply purchased vintage clothing and resold those same units which it lawfully purchased, which we submit is not copyright infringement and instead is protected under the first sale doctrine.

Further, immediately upon learning of any concerns related to the sale of the garments at issue, our client stopped offering the garments for sale and issued a press release apologizing for any perceived misunderstanding or disrespect to the performers shown in the garments or their rights.  This was done long before receiving notice of any claim relating to these garments.  We can assure you and your client that there was no violation of his rights, let alone anything that could be construed as a willful violation.

As we also discussed, our client sold very few garments bearing the image at issue.  After our call, I went back and looked at information from our client, and it appears that it only sold one shirt bearing the photo of Chris Wallace and Tupac shown in your complaint.  We are double checking this with our client.  If that is the case, our client's gross profits from the sale of the one shirt were $89.69, and our client has no remaining inventory of garments bearing that image.

I look forward to hearing from you once you have had a chance to discuss the foregoing with your client, again with the hope that we can bring this matter to a prompt amicable resolution.  This would also make amendment of the complaint to correct the defendants unnecessary.  In the meantime, please be advised that nothing

contained herein is meant to be a waiver or relinquishment of any of our clients' rights or remedies, all of which are hereby expressly reserved.


Best regards,

Jeff




**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
www.bg.law

(818) 827-9000 Main
(818) 827-9192 Direct
(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: http://www.bg.law/disclaimer

EXHIBIT 2



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# The Firms Filing The Most Copyright Cases

By **Bill Donahue**

Law360, New York (April 21, 2017, 1:45 PM EDT) -- The 10 law firms that filed the most copyright suits in the first quarter of 2017 all fit a very particular bill: small shops that specialize in mass filing new cases over a particular type of work, like pornography or fabric designs.

According to data compiled by Lex Machina, New York-based Liebowitz Law Firm led the pack with a whopping 97 new suits in just the first three months of the new year. The cases were overwhelmingly filed on behalf of photographers over the unauthorized use of their images, like a suit that photojournalist Todd Bigelow **filed in March** over the appearance of his immigration image on conservative website Breitbart News.

## The Busiest Copyright Plaintiffs Firms

These law firms filed the most cases on behalf of copyright plaintiffs in the first quarter of 2017.

| Firm | Cases |
| --- | --- |
| Liebowitz Law Firm | 97 |
| The James Law Firm | 78 |
| Doniger Burroughs | 43 |
| Lowenberg Law Firm | 42 |
| Jeong & Likens | 32 |
| Hughes Socol | 30 |
| Kirton McConkie | 20 |
| Hamrick & Evans | 19 |
| Higbee & Associates | 19 |
| Crowell Law | 15 |

Source: Lex Machina

Coming in second was The James Law Firm, one of several firms retained by Malibu Media — a pornography studio that has **filed thousands of copyright suits** over the past few years against internet downloaders and has been **labeled a "copyright troll" by critics**. The firm filed 78 suits in the first quarter, all for Malibu.

Though the subject matter they tackled varied, every other firm that cracked Lex Machina's top 10 list employed the same business model used by Liebowitz and James: They are small firms filing numerous, highly similar infringement complaints about the same kind of copyrighted work.

For Doniger Burroughs, the third most prolific firm, that copyrighted work is fabric designs. The firm, which has become well-known in recent years for filing **and winning** such suits, filed 43 cases over the first three months of the year, including against major fashion companies like H&M, Wet Seal and Urban Outfitters.

The bottom half of the list was dominated by firms that mass file suits over movies shared over the internet on torrent platforms. Hughes Socol Piers Resnick & Dym, the sixth most active firm, filed 30 such suits, going after internet users who shared "Mechanic: Resurrection" and "Mr. Church."

Kirton McConkie, Hamrick & Evans and Crowell Law all did the same thing, filing dozens more lawsuits over other films. The 15 suits filed by Crowell — not to be confused with BigLaw's Crowell & Moring — were actually a big decrease from past years; in 2015, the Oregon firm filed a whopping 200 cases, many over the film "Dallas Buyer's Club."

Rounding out the list were firms that fit into similar models.

Houston-based Lowenberg Law Firm, the fourth most prolific firm, filed 42 more suits for Malibu Media. Jeong & Likens, fifth on the list, filed 32 of its own fabrics cases. Higbee & Associates, like Liebowitz, represents photographers, filing 19 suits on behalf of plaintiffs like photojournalist Christopher Sadowski, making it the eighth most prodigious.

Law360 is owned by LexisNexis Legal & Professional, a RELX Group company, which owns Lex Machina.

--Editing by Sara Ziegler.

All Content © 2003-2018, Portfolio Media, Inc.



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# The Firms Filing The Most Copyright Cases

By **Bill Donahue**

Law360, New York (July 11, 2017, 7:58 PM EDT) -- Once again, the law firms that filed the most copyright suits in the second quarter of 2017 were small, specialized outfits that lodge many infringement cases over a single type of work, such as photography.

According to data compiled by Lex Machina, New York-based Liebowitz Law Firm led the pack for the second quarter in a row, filing 113 new cases from April 1 through June 30, up from 97 over the first quarter of the year.

## The Busiest Copyright Plantiffs Firms

These law firms filed the most cases on behalf of copyright plaintiffs in the second quarter of 2017.

| Firm | Cases |
|---|---|
| Liebowitz Law Firm | 113 |
| Doniger Burroughs | 83 |
| Jeong & Likens | 39 |
| Lynch Van Sickle | 39 |
| Hughes Socol | 29 |
| Higbee & Associates | 28 |
| Kirton McConkie | 15 |
| Lonstein Law Office | 14 |
| Lowe Graham Jones | 11 |
| Rocky Mountain Thunder Law Firm | 10 |

Source: Lex Machina

The cases, all of which were filed in New York federal court, are mostly on behalf of photographers over unauthorized use of their images on the web, like a suit Liebowitz **filed in May** against Puff Daddy's Bad Boy Records over a picture the label posted to his Instagram feed.

All that pleading can have its downsides: **Last month**, a federal judge ruled that "no reasonable lawyer with any familiarity with the law of copyright" should have filed several suits lodged by the Liebowitz firm over a live-streamed Facebook birth video.

Coming in second was Doniger Burroughs, which filed 83 new cases over the second quarter of 2017, mostly over copyrighted fabric designs. Among others, the firm filed suits against Nordstrom, Forever 21, Target and H&M.

Over the past few years, Doniger has been as consistent as it has been prolific; the firm has filed more than 40 new copyright suits in each quarter since the start of 2015.

Jeong & Likens, tied for third on the list, also focused on fabric designs, filing 39 such cases.

Many of the quarter's other most active firms filed their suits against anonymous internet downloaders, often over obscure movies like "Mechanic: Resurrection." Lynch Van Sickle, the other third most active firm, filed 39 such suits; Hughes Socol Piers Resnick & Dym, fifth on the list, filed 29; Kirton & McConkie, seventh on the list, filed 15; Lowe Graham Jones, ninth on the list, filed 11; Rocky Mountain Thunder Law Firm, 10th on the list, filed 10.

Higbee & Associates, sixth on last quarter's list with 28 new lawsuits, was even more specialized than a single type of copyrighted work, filing 14 of its new cases on behalf of a single plaintiff, photojournalist Christopher Sadowski.

Rounding out the list was the only true standout. New York-based Lonstein Law Office, eighth on the list with 14 new cases, filed its suits against bars and other establishments over allegedly illegal broadcasts of Ultimate Fighting Championship matches.

--Editing by Christine Chun.

*All data is from Lex Machina as of July 5.*

*Law360 is owned by LexisNexis Legal & Professional, a RELX Group company, which owns Lex Machina.*

---

All Content © 2003-2018, Portfolio Media, Inc.



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# The Firms Filing The Most Copyright Suits

By **Bill Donahue**

Law360, New York (October 10, 2017, 5:14 PM EDT) -- The list of law firms filing the most copyright suits over the third quarter of 2017 was once again led by the Liebowitz Law Firm, which filed more than 100 new photography cases for the second quarter in a row.

According to data compiled by Lex Machina, New York-based Liebowitz filed 109 copyright infringement cases from July 1 to Sept. 30, mostly on behalf of photographers over unauthorized use of their images on the web.

## The Busiest Copyright Plaintiffs Firms

These law firms filed the most cases on behalf of copyright plaintiffs in the third quarter of 2017.

| Firm | Cases |
|------|-------|
| Liebowitz Law Firm | 109 |
| Doniger Burroughs | 50 |
| Jeong & Likens | 42 |
| Lynch Van Sickle | 28 |
| Garbarini FitzGerald | 22 |
| Schneider Rothman | 22 |
| The James Law Firm | 22 |
| Sanders Law | 20 |
| Higbee & Associates | 16 |
| Lowe Graham Jones | 15 |

Source: Lex Machina

The mass filing is nothing new for the firm: It filed 113 cases in the second quarter and 97 in the first quarter, ranking first on Lex Machina's list both times.

Once again, Liebowitz targeted a number of major media organizations for allegedly using

The Quarter In The 10 Most Copyright Cases - Law360

photos without permission. Vice Media, Viacom, iHeartMedia Inc., Complex Media and Buzzfeed were each sued by the firm twice during the quarter.

And in August, the firm **sued the Hard Rock Café** for using a famous image of David Bowie from the cover of his 1973 album "Aladdin Sane" in a floor-to-ceiling illustration in the lobby of its Palm Springs, California, hotel.

Coming in second on Lex Machina's list for the second time in a row was Doniger Burroughs, which filed 50 new cases over the third quarter. Though high, the number of suits was actually down quite a bit from last quarter, when the firm filed 82 cases.

Like last quarter, the firm mostly sued apparel retailers, including Forever 21, Kendall + Kylie Inc., Urban Outfitters Inc. and Macy's Inc., on behalf of fabrics companies like Star Fabrics Inc.

The spate of 50 new cases from Doniger maintains a remarkable run for the prolific firm, which has filed more than 40 new copyright suits in each quarter since the start of 2015.

Rounding out Lex Machina's top five were Jeong & Likens, another fabrics-focused firm, and Lynch Van Sickle PLLC and The James Law Firm, two small firms that mass-file lawsuits against anonymous internet users over illegal downloading.

--Editing by Marygrace Murphy.

All Content © 2003-2018, Portfolio Media, Inc.

EXHIBIT 3

## Michael A. Bernet

| | |
|---|---|
| **From:** | Jeffrey A. Kobulnick |
| **Sent:** | Monday, November 27, 2017 7:50 PM |
| **To:** | 'Richard Liebowitz' |
| **Cc:** | Mark Brutzkus; Michael A. Bernet; Melody L. Evans; Kate Tsyvkin |
| **Subject:** | RE: Al Pereira v. Kendall Jenner, Inc. - USDC 1:17-cv-6945 (4293.013) |

Richard,

Please send us conformed copies, as requested previously.

Best regards,
Jeff

**From:** Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Monday, November 27, 2017 7:15 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Cc:** Mark Brutzkus <mbrutzkus@bg.law>; Michael A. Bernet <mbernet@bg.law>; Melody L. Evans <mevans@bg.law>;
Kate Tsyvkin <kt@liebowitzlawfirm.com>
**Subject:** Re: Al Pereira v. Kendall Jenner, Inc. - USDC 1:17-cv-6945 (4293.013)

Jeff,

Sorry about the delay. It was filed today. Thank you.


Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660


********************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary
information and may be subject to the attorney-client privilege or other confidentiality protections. If you are
not a designated recipient, you may not review, copy or distribute this message. If you receive this in error,
please notify the sender by reply e-mail and delete this message. Thank you.
********************************************************************

On Mon, Nov 27, 2017 at 3:47 PM, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

Richard,


Our review of the court's docket does not show that you filed the case management document or the joint letter, both
of which were due to be filed by last Friday.  We provided our portion to you before the holiday and expected you to

1

meet the court's required filing deadline.  Can you please file both of those documents as soon as possible today and send us conformed copies once they have been filed, as we are not on the court's ECF distribution list yet for this case.

Also, you did not respond to my earlier request to have an early meeting of counsel as required under Fed. R. Civ. P. 26.

Best regards,

Jeff

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
www.bg.law

(818) 827-9000 Main
(818) 827-9192 Direct
(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: http://www.bg.law/disclaimer

---

**From:** Jeffrey A. Kobulnick
**Sent:** Wednesday, November 22, 2017 3:45 PM
**To:** 'Richard Liebowitz' <RL@liebowitzlawfirm.com>
**Cc:** Mark Brutzkus <mbrutzkus@bg.law>; Michael A. Bernet <mbernet@bg.law>; Melody L. Evans <mevans@bg.law>; Kate Tsyvkin <kt@liebowitzlawfirm.com>; Jerrold Bregman <jbregman@bg.law>
**Subject:** RE: Al Pereira v. Kendall Jenner, Inc. - USDC 1:17-cv-6945 (4293.013)

Richard,

Attached is the joint letter with our portions inserted, for you to file with the court by this Friday's deadline.  The case management document you sent was fine, though that document indicated that the estimated length for trial would be

2-3 days, whereas the letter indicates 1-2 days.  We suggest changing the CMP to say 1-2 days, consistent with the letter.

Please note, this document is still subject to review/comment by others on our end.  As such, please wait until Friday before filing it with the court.  Absent hearing from us by 3pm Eastern on Friday, you may file this document as is.

Best regards,

Jeff

**From:** Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Friday, November 17, 2017 3:25 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Cc:** Mark Brutzkus <mbrutzkus@bg.law>; Michael A. Bernet <mbernet@bg.law>; Melody L. Evans <mevans@bg.law>; Kate Tsyvkin <kt@liebowitzlawfirm.com>
**Subject:** Re: Al Pereira v. Kendall Jenner, Inc. - USDC 1:17-cv-6945 (4293.013)

Jeff,

Attached please find plaintiff's portion of the joint letter.

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

*********************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*********************************************************************

On Tue, Nov 14, 2017 at 3:05 AM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

Attached please find the order. Also, attached please find a draft of the CMP. We will have our portion of the joint letter to you by Friday.

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

*********************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*********************************************************************

On Mon, Nov 13, 2017 at 5:49 PM, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

Richard,

We checked the court's docket on this matter, and it appears that the court issued an Order and Notice of Initial Conference on September 14, 2017, setting an initial status conference on December 1, 2017. That Order also included instructions for you to serve us with a copy of same and file an affidavit with the court reflecting that was done. Notwithstanding, you never served us with a copy of that Order.

The Order also requires us to file a joint letter, and a proposed case management plan and scheduling order, by Friday, November 24th. As that is the day after Thanksgiving, our office (and presumably yours) will be closed. So, we should plan to file those documents before the holiday, by November 22nd.

Can you please take the lead on preparing both the joint letter (keeping in mind the 5-page limit, and leaving us space for our portions) and case management plan, and send drafts of those documents in Word for us to insert our portions. Please send us the drafts by no later than this Thursday, November 16th so that we have time to review and insert our portions.

Further, under Rule 26(f), I believe we should have had a call (early meeting of counsel) by last Friday, Nov. 10th (at least 21 days before the scheduling conference). Please let us know your availability for a call this week, or let us know if for some reason you don't believe a call is required.

We look forward to hearing from you as soon as possible.

Best regards,

Jeff

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

www.bg.law

(818) 827-9000 Main

(818) 827-9192 Direct

(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at:
http://www.bg.law/disclaimer

EXHIBIT 4

**Michael A. Bernet**

---

**From:**          Jeffrey A. Kobulnick
**Sent:**          Monday, December 11, 2017 10:56 PM
**To:**            'Richard Liebowitz'
**Subject:**       RE: Kendall Jenner (4293.013)

Again, look at the more recent emails we had after your Dec. 5 email below with the $12,500 demand.  We immediately rejected your $12,500 figure as entirely unreasonable.  You are not reading the further emails.

**From:** Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Monday, December 11, 2017 10:53 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Re: Kendall Jenner (4293.013)

See below, we countered at $12,500.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660

*******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

On Tue, Dec 12, 2017 at 1:52 AM, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

Richard,

I already responded to your email below, and we had another exchange of emails after that.  See attached.  It is your turn to respond.

Best regards,

Jeff

1

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
www.bg.law

(818) 827-9000 Main
(818) 827-9192 Direct
(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: http://www.bg.law/disclaimer

From: Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Monday, December 11, 2017 10:49 PM

**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Re: Kendall Jenner (4293.013)


Jeff,


I am following up below. Thank you.


Best,


Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

On Tue, Dec 5, 2017 at 4:20 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

Confidential Subject to FRE 408

Okay, I spoke with my client and to get to a expedited resolution, I am authorized to come down to $12,500. Please let me know.

Thank you.

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

3

On Tue, Dec 5, 2017 at 4:08 PM, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

We offered $100, which is more than your client is entitled to under the statute.  I realize this is far less than you were hoping for, but the reality is that it is very reasonable under the circumstances.

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

www.bg.law

(818) 827-9000 Main

(818) 827-9192 Direct

(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at:
http://www.bg.law/disclaimer

From: Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Tuesday, December 05, 2017 1:07 PM

**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Re: Kendall Jenner (4293.013)

What was the offer?

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

On Tue, Dec 5, 2017 at 2:46 PM, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

I already did, several months ago.  That offer still stands.

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

www.bg.law

(818) 827-9000 Main

(818) 827-9192 Direct

(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at:
http://www.bg.law/disclaimer

From: Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Monday, December 04, 2017 7:33 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Re: Kendall Jenner (4293.013)


Can you please come back with a reasonable counter offer so I can bring it back to my client?

On Monday, December 4, 2017, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

Richard,


The client is 3072541 Canada Inc., doing business as Kendall + Kylie, with a business address at 101 Japanese Village Plaza, Los Angeles, California 90012.  Our office will accept service of the amended complaint once it is filed.


Before you file an amended complaint in this case however, I would strongly suggest you give serious consideration as to whether filing a lawsuit against our client where the maximum recoverable damages is less than $100 in the event that your client could even prove its claim (which as you know, we do not concede) is a good idea.  It is our position, as stated to you before, that maintaining this action is objectively unreasonable, frivolous, and frankly, sanctionable.  You are about to file the same lawsuit against another party with full knowledge of the maximum available damages and undisputable awareness that your client is also not entitled to recover its attorney fees in the event that it somehow prevails on its claim.  I believe that runs afoul of Fed. R. Civ. P. 11.  It was very clear during last Friday's hearing that the Court is well aware that you have filed more than 450 lawsuits for copyright infringement in the last 2 years, which we note according to a Law360 article earlier this year is more than any other law firm in the entire country, and that the Court has serious doubts as to whether your claim should still be going forward.  I strongly suggest you simply dismiss this case now and instead devote your time to cases with more merit and possible available remedies.


Best regards,

Jeff

## BRUTZKUS GUBNER
### Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

www.bg.law

(818) 827-9000 Main

(818) 827-9192 Direct

(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at:
http://www.bg.law/disclaimer

From: Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Monday, December 04, 2017 3:25 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Kendall Jenner

Jeff,

Can you kindly email me the correct defendant name to amend? Thank you.

--

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--

Best,


Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---------- Forwarded message ----------
From: "Jeffrey A. Kobulnick" <jkobulnick@bg.law>
To: Richard Liebowitz <RL@liebowitzlawfirm.com>
Cc:
Bcc:
Date: Tue, 5 Dec 2017 21:08:39 +0000
Subject: RE: Kendall Jenner (4293.013)

We offered $100, which is more than your client is entitled to under the statute.  I realize this is far less than you were hoping for, but the reality is that it is very reasonable under the circumstances.

**From:** Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Tuesday, December 05, 2017 1:07 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Re: Kendall Jenner (4293.013)

What was the offer?

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Tue, Dec 5, 2017 at 2:46 PM, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

I already did, several months ago.  That offer still stands.

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

www.bg.law

(818) 827-9000 Main

(818) 827-9192 Direct

(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: http://www.bg.law/disclaimer

From: Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Monday, December 04, 2017 7:33 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Re: Kendall Jenner (4293.013)

Can you please come back with a reasonable counter offer so I can bring it back to my client?

On Monday, December 4, 2017, Jeffrey A. Kobulnick <jkobulnick@bg.law> wrote:

Richard,

The client is 3072541 Canada Inc., doing business as Kendall + Kylie, with a business address at 101 Japanese Village Plaza, Los Angeles, California 90012.  Our office will accept service of the amended complaint once it is filed.

Before you file an amended complaint in this case however, I would strongly suggest you give serious consideration as to whether filing a lawsuit against our client where the maximum recoverable damages is less than $100 in the event that your client could even prove its claim (which as you know, we do not concede) is a good idea.  It is our position, as stated to you before, that maintaining this action is objectively unreasonable, frivolous, and frankly, sanctionable.  You are about to file the same lawsuit against another party with full knowledge of the maximum available damages and undisputable awareness that your client is also not entitled to recover its attorney fees in the event that it somehow prevails on its claim.  I believe that runs afoul of Fed. R. Civ. P. 11.  It was very clear during last Friday's hearing that the Court is well aware that you have filed more than 450 lawsuits for copyright infringement in the last 2 years, which we note according to a Law360 article earlier this year is more than any other law firm in the entire country, and that the Court has serious doubts as to whether your claim should still be going forward.  I strongly suggest you simply dismiss this case now and instead devote your time to cases with more merit and possible available remedies.

Best regards,

Jeff

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Jeffrey A. Kobulnick, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

www.bg.law

(818) 827-9000 Main

(818) 827-9192 Direct

(818) 827-9025 Fax
jkobulnick@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at:
http://www.bg.law/disclaimer

From: Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Monday, December 04, 2017 3:25 PM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Kendall Jenner


Jeff,


Can you kindly email me the correct defendant name to amend? Thank you.


--

Best,


Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660




****************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

****************************************************************


--

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

************************************************************