**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP

YOUR COUNSEL MATTERS®
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911                              Jeffrey A. Kobulnick
(818) 827-9000 Main                                        (818) 827-9192 Direct
(818) 827-9099 Fax                                         (818) 827-9025 Direct Fax
www.bg.law                                                 jkobulnick@bg.law

April 9, 2018

**VIA ECF**

Honorable Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

> **Re:**    ***Al Pereira v. Kendall Jenner, Inc.***
> **Docket N 1:17-cv-06945(RA)**
> **Opposition to Plaintiff's Request for Extension to Respond to Motion**

Dear Judge Abrams:

As the Court is aware, our firm represents the defendant in this matter, 3072541 Canada Inc., which currently has a pending Motion for Attorneys' Fees and Costs (the "Motion"). On behalf of the Defendant, we are writing to respectfully request that the Court deny Plaintiff's request for an extension to respond to the pending Motion for the reasons set forth below.

As set forth in the Motion, our office served a copy of the Motion on Plaintiff's counsel of record Richard Liebowitz on March 8, 2018 along with a cover letter in an attempt to address and resolve the issues at hand without the need to bring the Motion. I also followed up with Mr. Liebowitz on March 28, 2018 as I did not receive any response from him since sending the Motion on March 8th, and reminded him that we were soon approaching 21 days since we sent him the Motion. I still received no response. As such, we filed the Motion on Friday, March 30, 2018 (ECF 26).

We later learned that same evening that rather than respond to our Motion in any manner, Mr. Liebowitz filed the same lawsuit again against the same defendant, but this time here in the Central District of California in Los Angeles, which has been assigned Case No. 2:18-cv-2622 DDP (JCx).[1] A true and correct copy of the re-filed complaint is attached hereto as **Exhibit A**, which as the Court will note is the same claim as that which the Plaintiff dismissed in the Southern District of New York. Mr. Liebowitz is working with local counsel admitted here in California, and the Complaint indicates that Mr. Liebowitz will be moving for *pro hac vice* admission to the Central District of California in this new lawsuit.

---

[1] The case was initially assigned to a magistrate judge for all purposes under the Central District of California's pilot program, however the Plaintiff declined to consent to the jurisdiction of a magistrate judge, and therefore the case was reassigned to the Honorable Dean D. Pregerson on April 3, 2018.

1878880/4293.013



**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Honorable Ronnie Abrams
United States District Court for the Southern District of New York
April 9, 2018
Page 2

Subsequently, on Monday, April 2, 2018, Mr. Liebowitz sent me an email requesting an extension of time to respond to the pending Motion. In doing so, Mr. Liebowitz made no mention of the fact that he had re-filed the same lawsuit against our client here in the Central District of California. Attached hereto as **Exhibit B** is Mr. Liebowitz's email to me, along with our response to same informing him that while we normally are happy to grant extensions to opposing counsel as a professional courtesy, we would not do so in this particular situation.

Further, on the night of Wednesday, April 4, 2018, I received an email from Mr. Liebowitz requesting to have a telephone call with me the next day. I asked what the purpose of that call would be, and he informed me it was to discuss a potential settlement between our clients. I agreed to have the call with Mr. Liebowitz, and we did have a call on April 5, 2018. Unfortunately, during that call Mr. Liebowitz continued to maintain the same unreasonable position that he has had throughout this case, and again demanded that our client pay a large amount of money to his client to resolve the new lawsuit filed in Los Angeles, which as noted above, is based on the exact same facts that are at hand in this case in the Southern District of New York. Needless to say, no resolution was reached.

It is clear that the Plaintiff, through his counsel Richard Liebowitz, is now engaging in forum shopping now that Your Honor has expressed skepticism about the merits of their claim and after the Court ordered the Plaintiff to show cause why the Plaintiff should not be ordered to post a bond equal to the Defendant's anticipated defense costs in this case. Moreover, Plaintiff and its counsel have filed a second, identical lawsuit in Los Angeles with the clear intention of further unnecessarily increasing our client's attorney fees and costs to defend this frivolous claim, which as the Court is aware would only entitle the plaintiff (if it were actually successful in proving its claim, which we do not concede) to recover less than $90.00 in profits, since it is undisputed that the Plaintiff did not register its copyright to the photograph at issue within three months of publication or before the alleged infringement began, and likewise the Plaintiff is not entitled to attorney fees or costs for the same reason. 17 U.S.C. § 412.

For at least all of the foregoing reasons, we respectfully submit that Plaintiff and its counsel Richard Liebowitz should not be granted any extensions in this matter, and instead should be required to adhere to all applicable rules and deadlines, so that the Motion at hand can be properly adjudicated as soon as possible.

Thank you for your consideration of the foregoing.

Respectfully submitted,

JEFFREY A. KOBULNICK

JAK:mof

# EXHIBIT A

Imran F. Vakil, Esq. (Bar No. 248859)
    ivakil@nexiolaw.com
**NEXIO, PC**
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone:    (949) 478-6830
Facsimile: (949) 478-1275

Richard P. Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tele: 516-233-1660
RL@LiebowitzLawFirm.com
*(Pro Hace Vice Forthcoming)*

Attorneys for Plaintiff
AL PEREIRA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL PEREIRA,<br><br>        Plaintiff,<br><br>v.<br><br>3072541 CANADA INC.; and DOES 1-10 INCLUSIVE,<br><br>        Defendants. | Case No. 2:18-cv-2622<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Al Pereira ("Pereira" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant 3072541 Canada Inc. ("Jenner" or "Defendant") and DOES 1-10 hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Jenner unauthorized reproduction and public display of a copyright photograph of American rapper and actor Tupac Shakur with rapper Notorious B.I.G. and Redman, owned and registered by Pereira, a professional photographer. Accordingly, Pereira seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Jenner because Jenner resides in and/or is transacting business in California.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Pereira is a professional photographer in the business of licensing his photographs for a fee with a place of business at 1360 Ocean Parkway, Apt. 6M, Brooklyn, New York 11230.

6.      Upon information and belief, Jenner is a Canada corporation qualified to do business in California as entity number C3727548, with a place of business at 101 Japanese Village Plaza, Los Angeles, California 90012. Upon information and belief, Jenner is registered with the California Secretary of State. At all times material hereto, Jenner has owned and operated the URL: www.Kendall-Kylie.com (the "Website").

7.     DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

### A.     Background and Plaintiff's Ownership of the Photograph

8.     Pereira took an iconic photograph of American rapper and actor Tupac Shakur with rapper Notorious B.I.G. and Redman (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9.     Pereira is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph is registered with the United States Copyright Office and was given registration number VA 2-065-045.

### B.     Jenner' Infringing Activities

11.     Upon information and belief, Jenner sold t-shirts to the public with the Photograph on it along with a photograph of Kendall or Kylie Jenner on the same t-shirt (the "T-Shirt"). Jenner sold the T-Shirt on the Website. A true and correct copy of the T-Shirt is attached hereto as Exhibit B.

12.     Jenner did not license the Photograph from Plaintiff for its T-Shirt nor did Jenner have Plaintiff's permission or consent to sell the T-Shirt with the Photograph.

///
///
///

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST JENNER)
### (17 U.S.C. §§ 106, 501)

13.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.    Jenner infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the T-Shirt. Jenner is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.    The acts of Jenner complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.    Upon information and belief, the foregoing acts of infringement by Jenner have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.    As a direct and proximate cause of the infringement by the Jenner of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Jenner's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.    That Jenner be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.    Plaintiff be awarded Plaintiff's actual damages and Jenner profits, gains or advantages of any kind attributable to Jenner infringement of Plaintiff's Photograph;

3.    That Jenner be required to account for all profits, income, receipts, or other benefits derived by Jenner as a result of its unlawful conduct;

4.    That Plaintiff be awarded pre-judgment interest; and

5.    Such other and further relief as the Court may deem just and proper.

6.

Dated:  March 30, 2018                    Respectfully submitted,

                                          By:  /s/ Imran F. Vakil/
                                               Imran F. Vakil
                                               NEXIO PC
                                               Richard P. Liebowitz
                                               LIEBOWITZ LAW FIRM, PLLC
                                               *(Pro Hace Vice Forthcoming)*
                                               *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:  March 30, 2018                    Respectfully submitted,


By:   /s/ Imran F. Vakil/
          Imran F. Vakil
          NEXIO PC
          Richard P. Liebowitz
          LIEBOWITZ LAW FIRM, PLLC
          *(Pro Hace Vice Forthcoming)*
          *Attorneys for Plaintiff*

# EXHIBIT A



# EXHIBIT B



EXHIBIT B

## Melody L. Evans

| | |
|---|---|
| **From:** | Jeffrey A. Kobulnick |
| **Sent:** | Monday, April 02, 2018 2:41 PM |
| **To:** | 'Richard Liebowitz' |
| **Subject:** | RE: Periera v. Kendall Jenner, Inc. (4293.013) |

Richard,

Normally, we are happy to extend professional courtesies to opposing counsel.  In this case however, we are not able to do so.  This is because not only did you choose not to respond to our letter of March 8, 2018 with a copy of the motion attached, notwithstanding my reminder last week of the upcoming deadline to respond, but we have learned that instead last Friday you re-filed the same frivolous claim in the Central District of California.  I will be sending you a separate email on that case shortly.  It is astounding that you have the *chutzpah* to ask for an extension to oppose our motion in New York while you have just filed the same frivolous lawsuit against our client here in Los Angeles.  We will, of course, bring this to both courts' attention.

We will also oppose any request that you may make to Judge Abrams for an extension of time to respond to our pending motion.

Best regards,
Jeff


**From:** Richard Liebowitz [mailto:RL@liebowitzlawfirm.com]
**Sent:** Monday, April 02, 2018 9:54 AM
**To:** Jeffrey A. Kobulnick <jkobulnick@bg.law>
**Subject:** Periera v. Kendall Jenner, Inc.

Jeff,

Can we kindly get a one- week extension until April 20th to file file a response to your motion?

Thank you.


Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660


*******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************