UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AL PEREIRA, | Docket No. 1:17-cv-06945 RA |
| Plaintiff, | |
| - against - | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** |
| KENDALL JENNER, INC., | |
| Defendant. | Assigned to Hon. Ronnie Abrams |

1941660/4293.013

1

## **TABLE OF CONTENTS**

2

<u>Page</u>

3  I.   INTRODUCTION ..................................................................................................1

4  II.  PLAINTIFF'S OPPOSITION MISCONSTRUES THE FACTS AT HAND ....................1

   III. DEFENDANT'S MOTION SHOULD BE GRANTED....................................................3

5       A.   Rule 11 Sanctions Are Warranted..................................................................3

6       B.   Section 1927 Sanctions Are Warranted ........................................................4

7       C.   Defendant Is Entitled to Recover Its Attorney's Fees and Costs as a Prevailing
             Party under the Copyright Act ......................................................................6

8            1.   Contrary to Plaintiff's Assertions, Defendant can be a "Prevailing
                  Party" ................................................................................................7

9            2.   Plaintiff's Conduct was Objectively Unreasonable ...................................8

10 IV.  CONCLUSION.....................................................................................................10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ATTORNEYS' FEES AND COSTS

1905308/4293.013

# TABLE OF AUTHORITIES

Page

**Cases**

*Cooter & Gell v. Hartmarx Corp.,*
    496 U.S. 384 (1990) ............................................................................................... 4

*Corcoran v. Columbia Broadcasting System, Inc.,*
    121 F.2d 575 (9th Cir. 1941) ................................................................................. 7

*Fogerty v. Fantasy, Inc.,*
    510 U.S. 517 (1994) ............................................................................................... 9

*Great American Fun Corp. v. Hosung New York Trading, Inc.*
    1997 WL 129399, at *2 (1997) ....................................................................... 7, 8, 9

*Kirtsaeng v. John Wiley & Sons, Inc.,*
    136 S. Ct. 1979 (2016) ...................................................................................... 7, 9

*Lieb v. Topstone Industries, Inc.,*
    788 F.2d 151 (1986) ............................................................................................... 9

*Matthew Bender & Co., Inc. v. West Pub. Co.*
    240 F.3d 116 (2d Cir. 2001) ................................................................................. 9

*Pennie & Edmonds LLP,*
    323 F.3d 86 (2d Cir. 2003) .................................................................................... 4

*Oliveri v. Thompson,*
    803 F.2d 1265 (2d Cir. 1986) ............................................................................... 5

*Silberstein v. Digital Art Sols., Inc.,*
    2003 WL 21297291, at *1 (S.D.N.Y. June 4, 2003) ........................................... 6

*Uniflow Mfg. Co. v. Superflow Mfg. Corp.,*
    10 F.R.D. 589 (N.D. Ohio 1950) .......................................................................... 7

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO,*
    948 F.2d 1338 (2d Cir. 1991) ............................................................................ 3, 5

*Warner Bros. v. Dae Rim Trading, Inc.,*
    877 F.2d 1120 (2d Cir. 1989) ............................................................................... 7

**Statutes**
28 U.S.C. §1927 ............................................................................................ *passim*

17 U.S.C. §505 ............................................................................................. *passim*

MOTION FOR ATTORNEYS' FEES AND COSTS

1905308/4293.013

**Rules**

Federal Rules of Civil Procedure
    11 ................................................................................................................................. *passim*
    41 ......................................................................................................................................... 5-7


Federal Rules of Evidence
    401 ............................................................................................................................................ 6
    402 ............................................................................................................................................ 6
    403 ............................................................................................................................................ 6
    408 ......................................................................................................................................... 5, 6
    602 ............................................................................................................................................ 6

MOTION FOR ATTORNEYS' FEES AND COSTS

1905308/4293.013

Former Defendant Kendall Jenner, Inc. and current Defendant 3072541 Canada Inc. (collectively, "Defendant"), through their undersigned counsel of record, hereby respond to Plaintiff's Opposition to the pending Motion for Attorneys' Fees and Costs (the "Motion") as follows.

## I.    INTRODUCTION

In support of its Motion, Defendant identified numerous specific actions taken by Plaintiff's counsel, Richard Liebowitz ("Liebowitz"), on behalf of Plaintiff that, taken together, reveal a clear pattern of conduct sanctionable under either Federal Rule of Civil Procedure 11 or Title 28 of the United States Code Section 1927, and sufficient to justify an award to Defendant of its reasonable attorneys' fees and costs under Section 505 of the Copyright Act should the Court find that Defendant is a "prevailing party" under Section 505.  As discussed further below, Plaintiff's opposition fails to prove otherwise, and accordingly the Motion should be granted.

## II.    PLAINTIFF'S OPPOSITION MISCONSTRUES THE FACTS AT HAND

Unable to dispute the occurrence of the specific acts making up the pattern of sanctionable conduct, Plaintiff and Liebowitz instead resort to mischaracterizations, character smears, and false innuendos in an attempt to direct the Court's focus away from their own improper actions.  Perhaps most egregious, Plaintiff's opposition begins with, and repeatedly states throughout, the falsehood that Defendant "publically admitted" Copyright Act violations in a June 29, 2017 public statement, and knowingly erroneously refers to Kendall Jenner as the defendant and as a "serial infringer."[1]

As an initial matter, Ms. Kendall Jenner has never been a party in this case.  She is also not a principal of Defendant.[2]  Plaintiff knows this, yet repeatedly asserts it as fact.  What has become apparent from this proceeding is that Plaintiff and Leibowitz seem to be under the impression that hauling out Ms. Jenner's fame, and threatening to make her the focus of this suit, has some weight. It does not.

As Ms. Jenner is not a party to this action and is not a principal of the Defendant, Ms. Jenner's public statement asserted at the opening of Plaintiff's opposition, therefore, is not attributable to Defendant.  Moreover, and quite significantly, the public statement by Ms. Jenner

---

[1] Opp. at p. 1.
[2] *See* Declaration of Ellen Kinney ("Kinney Decl.") ¶ 3, filed concurrently herewith.

REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1   **made no reference whatsoever to any copyright issues** or other intellectual property concerns with

2   respect to the tee shirt(s) at-issue and was made well before any claim of copyright violation by

3   Plaintiff.  Instead, Ms. Jenner's public statement expressed only "apology" and "regret" to the

4   "families of the artists" shown in the original photos on the shirts and to her fans, and asserted that

5   no disrespect to the memories of the musical artists was ever intended.  Ms. Jenner made this

6   statement, as Plaintiff and Liebowitz should well know, to respond to any public misunderstanding

7   about the shirts, not to address any claim of copyright infringement.[3]  Defendant only first learned of

8   Plaintiff and his copyright claim several months later, after the lawsuit in this action was filed in

9   September 2017.[4]   Plaintiff and Liebowitz's gross mischaracterization of Ms. Jenner's public

10  statement as an admission of copyright infringement, and particularly as an admission by the

11  Defendant, is improper and taints Plaintiff's entire opposition to the Motion.

12      Plaintiff also makes reference to his recent filing (re-filing) of this action in the Central

13  District of California, essentially daring Defendant to file a Rule 11 or Section 1927 motion in that

14  proceeding.  Whether or not Defendant files such motions in the California action, however, is

15  irrelevant to this Court's determination of the present Motion.  What *is* relevant however is the fact

16  that Plaintiff and his counsel Liebowitz would go to the trouble and expense of re-filing the same

17  case in California (despite the same maximum statutory recovery of less than $100), which is yet

18  another example of Plaintiff and Liebowitz's pattern of improper, vexatious and "trollish" behavior

19  aimed only at harassing Defendant and any third parties who might be affiliated with Defendant and

20  garnering publicity for himself.  Indeed, Plaintiff's attempt to trade off on the fame of Ms. Jenner is

21  readily apparent in the re-filed complaint in California, where although the named defendant is the

22  same defendant presently named in this case, the defendant is referred to as "Jenner" throughout the

23  pleading.  Moreover, even after this Motion was filed, and after re-filing the lawsuit in California,

24  Liebowitz *again* demanded a substantial amount of money from Defendant, and well beyond the

25  available remedies under the Copyright Act, in exchange for dismissing the California case.  *See*

26  Supplemental Declaration of Jeffrey A. Kobulnick ("Supp. Kobulnick Decl.") ¶¶ 6-7.  This case

27  presents a clear pattern of conduct sanctionable under either Rule 11 or Section 1927.

28

---

[3] *See* Kinney Decl. ¶ 4.
[4] *Id.*

REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1941660/4293.013

III.    **DEFENDANT'S MOTION SHOULD BE GRANTED**

A.    **Rule 11 Sanctions Are Warranted**

The "central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Id.* at 394. "Drawing a line between zealous advocacy and frivolous conduct, Rule 11 provides a vehicle for sanctioning an attorney, a client, or both." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1343 (2d Cir. 1991).

Plaintiff's opposition asserts that Defendant's request for Rule 11 sanctions is untimely because he had effectively withdrawn his "offending" First Amended Complaint ("FAC") by dismissing the case prior to this Motion. However, Defendant does not base its request for sanctions under Rule 11 on the mere filing of the FAC (although the filing *is* a key component), but rather on the entirety of Plaintiff and Liebowitz's pattern of actions in this case on Plaintiff's behalf, including but not limited to: i) initiating and maintaining this case after being offered a settlement exceeding the maximum allowable recovery *even if* he prevailed; ii) filing the FAC adding an entirely new party based on the same allegations and theory of recovery; iii) making unreasonable settlement demands throughout;[5] iv) dismissing the case only after the Court ordered an OSC as to why Plaintiff should not have to post security for Defendant's anticipated costs; v) requesting multiple extensions of time from the Court, even after missing multiple deadlines; and vi) failing to provide notice to Defendant as ordered by the Court (i.e., a sanctionable pattern of conduct).

Plaintiff does not, and cannot deny that Defendant provided the full 21-day safe harbor period as required under Rule 11(c)(2) prior to filing this motion, during which time Liebowitz could have "appropriately corrected" his copyright infringement "contention" by reimbursing Defendant for at least a portion of their litigation expenses as requested by Defendant. Rather than take advantage of that 21-day safe harbor period, Plaintiff and Liebowitz ignored the motion entirely, and instead elected to file the same frivolous lawsuit in federal court in California, which Defendant only learned about after this Motion was filed.

Plaintiff and Liebowitz should never have filed the FAC because the Court had already

---

[5] As noted above, Plaintiff and Liebowitz continued to make unreasonable settlement demands even after this Motion was filed, as recently as April 5, 2018.  Supp. Kobulnick Decl. ¶¶ 6-7.

3

1941660/4293.013

expressed doubts regarding whether this case should proceed by requiring him to show cause why he should not be required to post security for Defendant's anticipated costs in this action (*see* Docket No. 16.).  Plaintiff and Liebowitz also knew prior to filing the FAC that his client was statutorily prohibited from recovering attorneys' fees and could not recover more than $100 in damages from Defendant *even if* Plaintiff ultimately prevailed on his copyright infringement claim (which Defendant does not concede). (*See* Kobulnick Decl. ¶¶ 5-23, Ex. 1-3.)  Nonetheless Leibowitz signed and filed it anyway.  (*See id.* ¶¶ 5-23, Ex. 1-3.)

Rule 11 imposes sanctions on parties and their attorneys for filing pleadings for improper purposes, such as to harass, cause unnecessary delay, needlessly increase the cost of litigation, or which are otherwise frivolous or objectively unreasonable.  Fed. R. Civ. P. 11(b); *Pennie & Edmonds LLP*, 323 F.3d 86, 94 (2d Cir. 2003).  It also imposes an affirmative duty on attorneys to conduct a reasonable inquiry into the merit of every pleading that they file. Fed. R. Civ. P. 11(b).

Here, it is clear that Liebowitz did not conduct any due diligence prior to the time initial complaint was filed, for instance by contacting Defendant or its counsel to attempt informal resolution.  (Kobulnick Decl. ¶ 4.)  Had Liebowitz done so, he would have quickly learned that the maximum potential recovery in this case was far less than this Court's $400 filing fee for the complaint, and any reasonable, properly-motivated attorney would most likely never have filed this lawsuit in the first place.

Rather, by signing and filing the FAC, Liebowitz only intended to cause unnecessary delay, needlessly increase the costs of litigation, and to further harass Defendant and third parties such as Kendall Jenner, with the prospect of being forced to sit for depositions and trial testimony, in clear violation of Rule 11.  *See* Fed. R. Civ. P. 11(b).

Accordingly, Defendant respectfully requests that this Court impose Rule 11 sanctions against Liebowitz by ordering him to reimburse Defendant for its attorneys' fees and costs incurred in defending this frivolous case.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) at 393 (Rule 11 sanctions may "include payment of the other parties' expenses.")

**B.    Section 1927 Sanctions Are Warranted**

The purpose of Section 1927 is 'to deter unnecessary delays in litigation.'"  *United States v.*

1    *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338,

2    1345 (2d Cir. 1991).   "[A]n award under § 1927 is proper when the attorney's actions are so

3    completely without merit as to require the conclusion that they must have been undertaken for some

4    improper purpose such as delay." *Id.* (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.

5    1986)).   "Bad faith is the touchstone of an award under this statute." *Id.* (citation omitted).   Unlike

6    Rule 11, "Section 1927 violations do not hinge on the presence of a paper." *Id.* at 1346.   Section

7    1927 "invites attention to a course of conduct, and imposes a continuing obligation on attorneys to

8    avoid dilatory tactics." *Id.*   Section 1927 empowers a federal court to require an attorney 'to satisfy

9    personally the excess costs, expenses, and attorney's fees reasonably incurred' when that attorney

10   has 'unreasonably and vexatiously' multiplied the proceedings in an action," 28 U.S.C. § 1927.

11          Liebowitz's conduct on behalf of Plaintiff throughout this litigation was unreasonable,

12   vexatious, and calculated to multiply the proceedings of this case for an improper purpose, namely

13   extortion of far more money from Defendant than Plaintiff could have possibly recovered from any

14   judgment, by threatening Defendant with the additional costs and aggravation of litigation.   As a

15   result of Liebowitz's unreasonable and vexatious conduct, as well as unnecessarily drawing out this

16   litigation through both multiple requests for extensions and missed deadlines, Defendant needlessly

17   incurred over $22,000 in legal fees defending this frivolous matter.   Liebowitz's misconduct should

18   not be condoned, and the Court should appropriately sanction him by requiring him to reimburse

19   Defendant for its attorneys' fees and costs incurred in this matter.

20          Plaintiff's opposition simply ignores the specific evidence of "bad faith" proffered by

21   Defendant and instead boldly declares that no specific instances of bad faith have been provided.

22   Further, Plaintiff devotes entire sections of his Opposition to setting up and knocking down "straw

23   men" arguments, such as: i) "dismissing a case pursuant to Rule 41 is not grounds for sanctions"

24   (Opposition, p. 12); ii) "Plaintiff's omission in serving the Notice of Pretrial Conference did not

25   prejudice defendant and is not grounds for fees," (Opposition, page 13); and iii) "Defendant's

26   References to Confidential Settlement Negotiations violates Fed. R. Evid. 408 and, in any event, are

27   not grounds for sanctions" (Opposition, p. 14).   Those points are misconstrued red herrings, in an

28   attempt to deflect the Court's attention from the true issues at hand.

Defendant never asserted that Plaintiff and Liebowitz should be sanctioned for *dismissing* the First Amended Complaint alone. The basis for this Motion, as set forth in the Motion itself and reiterated above, is based on Plaintiff and Liebowitz's entire pattern of conduct, including but not limited to the filing of the First Amended Complaint. Therefore, when Defendant referenced Plaintiff and Liebowitz's failure to serve the Notice of Pretrial Conference it was only as part of the pattern of conduct and not for any particular prejudice suffered for that particular failure. Third, counsel communications were appropriately referenced in the moving papers only to demonstrate that Plaintiff and Liebowitz filed and maintained this case in bad faith, and not to prove or disprove the amount of a disputed claim as set forth in Fed. R. Evid. 408.

In the opposition, Plaintiff also improperly cites repeatedly to the First Amended Complaint for factual support, and submitted an "Exhibit A," which appears to consist of miscellaneous internet pages, all without any declaratory support. Defendant hereby objects to all of Plaintiff's unverified statements and exhibits, and in particular objects to Plaintiff's Exhibit A in its entirety as there was no declaration laying out any foundation, personal knowledge or authenticity of the contents of that exhibit (Fed. R. Evid. 602), and as irrelevant (Fed. R. Evid. 401, 402), and because the probative value is far outweighed by the prejudicial effect (Fed. R. Evid. 403).

### C.    Defendant Is Entitled to Recover Its Attorney's Fees and Costs as a Prevailing Party under the Copyright Act

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505; *see also Silberstein v. Digital Art Sols., Inc.*, No. 02 CV 8187 GBD, 2003 WL 21297291, at *1 (S.D.N.Y. June 4, 2003) ("The Copyright Act provides that a court, in its discretion, may award attorney's fees to a prevailing party.") (quoting 17 U.S.C. § 505). As indicated in the moving papers, once it has been determined whether there is a "prevailing party," the court then decides whether to award attorneys' fees by considering certain factors such as whether the non-prevailing party's conduct was objectively unreasonable. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136

S. Ct. 1979, 1983 (2016).

### 1.    Contrary to Plaintiff's Assertions, Defendant can be a "Prevailing Party"

Plaintiff asserts that Defendant cannot be a "prevailing party" under Section 505 of the Copyright Act because the case was dismissed without prejudice under Rule 41(a)(1).  However, it is well established that a defendant in an action voluntarily dismissed may be a prevailing party under the Copyright Act. "[W]ithdrawal of [a] claim in effect [makes] the defendants the prevailing parties on that issue." *Great American Fun Corp. v. Hosung New York Trading, Inc.* (S.D.N.Y., Mar. 21, 1997, No. 96 CIV. 2986(LAK)) 1997 WL 129399, at *2; *Warner Bros. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir.1989); *accord, Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575, 576 (9th Cir.1941) (defendant was prevailing party under Copyright Act despite plaintiff's voluntary dismissal of complaint when "defendant has been put to the expense of making an appearance and of obtaining an order for the clarification of the complaint"); *Uniflow Mfg. Co. v. Superflow Mfg. Corp.*, 10 F.R.D. 589, 589 (N.D. Ohio 1950) ("A voluntary dismissal by plaintiff after the defendant has taken depositions and filed a motion for more definite statement makes the defendant the prevailing party.").

In fact, this Court's decision in *Great American Fun* is directly on point.  In that case, the defendant was found to be the "prevailing party" under §505 despite being *voluntarily dismissed without prejudice* pursuant to Rule 41(a)(1) and was awarded $29,109.70 in attorneys' fees and costs.  In granting the defendant's motion for fees and costs, Judge Kaplan commented:

> Although GAF dismissed this suit only days after its commencement, it forced defendants to respond quickly on the merits. Defendants engaged in substantial research, witnessed in part by their uncovering of the fact that plaintiff did not own the copyright upon which it sued and, in fact, had copied the Chico Art design. Although there was no decision on the merits, one that plaintiff was sure to lose and on which defendants had prepared thoroughly, the <u>moment of reckoning</u> was only hours away when plaintiff discontinued the suit. Accordingly, defendants are prevailing parties.

*Great American Fun Corp*, 1997 WL 129399 at *2 (emphasis added).

The case at hand is strikingly similar to *Great American Fun* where the plaintiff filed the

dismissal to avoid the "moment of reckoning" only after the defendant had responded quickly *on the merits*.   Here, within 24 hours of the initial Complaint being filed (and before service of the Complaint) Defendant's counsel investigated the matter, contacted Liebowitz, and discussed *the merits* of the case with him. (Kobulnick Decl., ¶¶ 5-7).   More specifically, within 24 hours of the Complaint being filed, Defendant's counsel informed Liebowitz that Defendant only re-sold a single t-shirt bearing the photograph at issue, that Defendant never possessed any more inventory of products bearing the photograph, that Defendant's profits from the single re-sale were less than $100, and that the re-sale of the single shirt at issue (which already had the photograph at issue on the shirt at the time it was purchased by Defendant) was protected by the First Sale Doctrine. (Kobulnick Decl., ¶¶ 5-9.)

In addition, it was not until after the Court expressed its doubts to Liebowitz during the December 1, 2017 status conference of whether this case should proceed forward given the low amount of recoverable damages and applicability of the First Sale Doctrine defense, and after Plaintiff and Liebowitz were ordered to show cause why they should not be ordered to post security for Plaintiff's anticipated costs as a condition of proceeding forward with this case, that on the eve Plaintiff's thrice extended deadline to show cause that Plaintiff finally dismissed this case (Docket No. 24).

Thus, similar to the plaintiff in *Great American Fun,* Plaintiff and Leibowitz did not dismiss this case for tactical reasons, or because of the discovery of adverse facts, or a change in law, but because of an imminent adverse ruling which they sought to avoid.  Instead, Plaintiff and Liebowitz dismissed the case simply to avoid the "moment of reckoning" as the plaintiff had done in *Great American Fun*[6].

## 2.    Plaintiff's Conduct was Objectively Unreasonable

Once it is determined that there is a prevailing party, in deciding whether to award attorneys' fees under the Copyright Act, courts are guided by the following non-exclusive factors:

---

[6] Plaintiff also argues that Defendant did not make an appearance in this case until the time when Defendant's counsel requested permission to appear telephonically at the December 1, 2017 status conference to suggest that Defendant has not incurred any harm in this case.  That argument is both irrelevant and disingenuous, since as Plaintiff and Liebowitz are well aware, Defendant's counsel contacted Liebowitz within a day of when the Complaint was initially filed, and as already discussed was forced to do a substantial amount of work in response to the claims at hand even before filing a responsive pleading.

REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1941660/4293.013

"frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, n. 19 (1994) (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986)); *see Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016) (noting that the Court also "retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense.").

While objective unreasonableness is an important factor, it is not the only factor. *Id.* at 1988; *see Matthew Bender & Co., Inc. v. West Pub. Co.* 240 F.3d 116, 122 (2d Cir. 2001) ("In an appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable."). Further, liability is not synonymous with that of unreasonableness, and fee awards determined based only on liability "should be reversed for abuse of discretion." *Kirtsaeng*, 136 S. Ct. at 1988.

Here, it is clear that Plaintiff and Liebowitz's continued maintenance of this case was objectively unreasonable and likely motivated by bad faith. (*See generally* Kobulnick Decl. and Supp. Kobulnick Decl.). Under the circumstances, Defendant should not only be compensated for its attorneys' fees and costs, but there is also a compelling need to deter Liebowitz—who files more copyright cases than any other lawyer in the country (*see* Kobulnick Decl. ¶ 13, Ex. 2)—from similar misconduct. *See Fogerty*, 510 U.S. at 535, n. 19. Accordingly, the Court should award Defendant recovery of its attorneys' fees and costs as prevailing parties who were needlessly forced to incur significant fees due to Plaintiff and Liebowitz's unreasonable conduct.

///
///
///
///
///
///
///
///

REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1

## IV.    CONCLUSION

2          For all the foregoing reasons, Defendant respectfully requests that the Motion be granted, and

3  that Plaintiff and Liebowitz be ordered to reimburse former Defendant Kendall Jenner, Inc. and

4  current Defendant 3072541 Canada Inc. for their attorneys' fees and costs in connection with this

5  matter, as sanctions for violations of Rule 11 and Section 1927, and pursuant to Section 505 of the

6  Copyright Act, in an exact amount to be determined and no less than $22,000.

7  Dated:  April 20, 2018                                  BRUTZKUS GUBNER

8                                                                         By:  /s/ Jeffrey A. Kobulnick

9                                                                                JEFFREY A. KOBULNICK
                                                                                   21650 Oxnard Street, Suite 500
10                                                                                Woodland Hills, CA 91367
                                                                                   Telephone:    818-827-9000
11                                                                                E-mail:        jkobulnick@bg.law
                                                                                   Attorneys for Defendants,
12                                                                                KENDALL JENNER, INC. and 3072541
                                                                                   CANADA INC.
13

14  Dated:  April 20, 2018                                  FURGANG & ADWAR, L.L.P.

15                                                                         By:  /s/ Stephanie Furgang Adwar

16                                                                                STEPHANIE FURGANG ADWAR
                                                                                   515 Madison Avenue, Suite 6A
17                                                                                New York, NY  10022
                                                                                   Telephone:    212-725-1818
18                                                                                E-mail:        stephanie@furgang.com
                                                                                   Attorneys for Defendants,
19                                                                                KENDALL JENNER, INC. and 3072541
                                                                                   CANADA INC.
20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

1941660/4293.013